[Civ. No. 510. Third Appellate District.—December 19, 1908.]

WESTERN MEAT COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SACRAMENTO, and CHARLES N. POST, Judge of said Court, Respondents.

PROHIBITION—CRIMINAL TRIAL OF CORPORATION—ILLEGAL COMMITMENT—REMEDY BY MOTION AND APPEAL.—Prohibition will not lie to prevent a criminal trial of a corporation under an information charging it with violation of the anti-trust law of 1907 (Stats. 1907, p. 984), on the ground that the corporation, as such, was not legally committed under the provisions of the Penal Code, the remedy at law being adequate to move to set aside the information on that

ground, and if error be committed in the ruling upon such motion, such error may be corrected upon an appeal from the judgment.

ID.—SUBSTANTIAL COMPLIANCE WITH PROCEDURE AGAINST CORPORATION ESSENTIAL TO LEGAL COMMITMENT.—When a corporation is charged with a crime, a substantial compliance with the procedure established in sections 1390 to 1397 of the Penal Code is essential to a legal commitment of the corporation; and notwithstanding the presumption of a legal commitment arising from an information, such presumption may be rebutted by showing, on a motion to set aside the information, that such steps were not followed, and that the corporation had not been legally committed by a magistrate.

APPLICATION for Writ of Prohibition to the Superior Court of Sacramento County.   Charles N. Post, Judge.

The facts are stated in the opinion of the court.

Jesse Lilienthal, L. T. Hatfield, and J. B. Devine, for Petitioner.

E. S. Wachhorst, and F. E. Atkinson, for Respondents.

HART, J.—This is an application for a writ of prohibition for the purpose of restraining the respondents from trying the petitioner upon an information charging it with the violation of certain provisions of an act of the legislature of 1907 (Stats. 1907, p. 984), entitled "An act to define trust and to provide criminal penalties and civil damages, and punishment of corporations, persons, firms, and associations, or persons connected with them, and to promote free competition in commerce and all classes of business, in the state."

The petition shows these facts: That the petitioner is a corporation, organized and doing business under the laws of the state of California, engaged in the wholesale meat business; that on the first day of June, 1908, the district attorney of Sacramento county filed an information in the superior court in and for said county, jointly charging petitioner and one J. O'Keefe with the crime of forming a combination and conspiracy with a certain organization, known as the "Sacramento Butchers' Protective Association," for the purpose of circumventing free competition in the business of buying and selling meats in the city of Sacramento; that on the second day of July, 1908, counsel for the petitioner and said O'Keefe appeared before the respondents for the purpose of

arguing a "motion to set aside the information and 'entry of plea' of Western Meat Company and J. O'Keefe, two of the defendants in the above-entitled cause," when the court "thereupon ordered a separation of action so far as the Western Meat Company and J. O'Keefe are concerned, and stated it would first consider the plea of the Western Meat Company to the information heretofore filed against it and the other defendants"; that the petitioner, upon being asked by the court to enter its plea to the information through its managing agent, J. O'Keefe, declined to do so, counsel for the latter expressly declaring that they were in court representing O'Keefe individually and that they appeared for no other defendant; that thereupon, after informing petitioner, through its said managing agent, that it was entitled to counsel at all steps of the proceeding, and the petitioner "remaining silent and making no response," the court directed that a plea of "not guilty" be entered by the clerk in behalf of said petitioner; that thereafter the petitioner, by its attorneys, served upon the district attorney a notice of intention to move to set aside the plea of "not guilty" so ordered by the court to be entered in behalf of petitioner; that said motion subsequently came on for hearing and was denied by the court, and that an order was thereafter made by the court setting the cause down for trial on the fourteenth day of September, 1908.

It is further alleged in the petition that "neither the respondent, said superior court, nor the Hon. Chas. N. Post, presiding therein, or any other judge of said court, presiding therein, has ever at any time, had any jurisdiction over the person or corporate entity of your petitioner in any manner whatever and is at all the times herein mentioned and has been without any authority to make or enter any of the orders described herein, and your petitioner has never been legally examined before any magistrate upon any charge whatever; neither has your petitioner ever been committed for trial by any magistrate, etc."

There are some other allegations in the petition to which we do not regard it necessary to refer for any purpose. The simple question presented here, as must always be true in a proceeding of this character, from the very nature of the only remedy afforded thereby, is whether or not the respondents remained within their jurisdiction in the matter com-

plained of. This question is raised by the demurrer interposed by the respondents to the petition.

The point mainly pressed by counsel for the petitioner, both in their oral arguments and their briefs, grows out of the allegation in the petition that prior to the filing of the information the petitioner had not been legally committed by a magistrate for the crime charged in said information; hence, no valid information could be filed against petitioner. From this follows the argument that the respondents were without authority to order to be entered the plea of "not guilty" for the petitioner, as authorized by section 1396 of the Penal Code, upon its refusal to plead to the information when arraigned thereupon.

We think that the mere statement of the facts, as discovered by the petition, is sufficient to demonstrate that the respondents did not exceed their jurisdiction in the proceeding of which complaint is here made.

The point that the petitioner had not been, previously to the filing of the information, legally committed by a magistrate, proceeds from the alleged fact, as it is made to appear particularly clear from the briefs of counsel, that said petitioner had not been proceeded against and brought before the magistrate purporting to have examined the charge against it in accordance with the requirements of the statute relating to cases in which corporations are charged with the commission of public offenses. (Pen. Code, secs. 1390-1397, inclusive.) Section 1390 of said code provides: "Upon an information or presentment against a corporation, the magistrate must issue a summons, signed by him, with his name of office, requiring the corporation to appear before him, at a specified time and place, to answer the charge, the time to be not less than ten days after the issuing of the summons."

The sections following provide that the summons must be served at least five days before the day fixed for the appearance, by delivering a copy thereof and showing the original to the president or other head of the corporation, "or to the secretary, cashier, or managing agent thereof"; that at the appointed time the magistrate must proceed to investigate the charge in the same manner as in the case of a natural person, so far as the proceedings are applicable; that after hearing the proofs, the magistrate must certify upon the depositions either that there is or is not sufficient cause to believe the

corporation guilty of the offense charged, and must return the depositions and certificate, as prescribed by section 883. It is then provided that, upon the return by the magistrate of a certificate that there is sufficient cause to believe the corporation is guilty of the offense charged, "the grand jury may proceed, or the district attorney file an information thereon, as in case of a natural person held to answer." Section 1396 reads: "If an indictment is found, or information is filed, the corporation may appear by counsel to answer the same. If it does not thus appear, a plea of not guilty must be entered, and the same proceedings had thereon as in other cases."

We are not required, nor authorized, by this proceeding, as before suggested, to inquire whether the petitioner was legally committed by the magistrate by whom the charge against it was examined; but we may say, in passing, that we think that there is scarcely any room for doubting the proposition that, unless the procedure prescribed by the provisions of the Penal Code, in cases in which corporations are charged with the commission of public crimes, is substantially complied with, an order by a magistrate committing a corporation to trial under such circumstances would be voidable, or not a legal commitment, and would be set aside, under a sufficient showing, on motion. In other words, the magistrate can only acquire authority or jurisdiction to act in such case by following, substantially, the procedure prescribed for proceeding against and bringing a corporation before him to be examined on the charge preferred against it.

But, as stated, the question thus referred to is altogether beside the proposition submitted in this proceeding. Did the court act in excess of its jurisdiction in the matter of the arraignment of the petitioner? This is the only question which we are at liberty to review. It is a fundamental principle that errors of law cannot be reviewed in a proceeding of the character of the one before us where there is an adequate remedy at law for the correction of such errors. If, therefore, the petitioner was arraigned on an information not founded on a proper commitment, or was otherwise not properly or legally arraigned, the law affords ample remedy for the correction of the error.

It appears from the petition that the attorneys representing O'Keefe, the managing agent of petitioner, and who was,

as an individual, committed upon the same charge as that preferred against said petitioner, explicitly stated to the court that they appeared for O'Keefe in his individual character only, and not for the petitioner, when the latter was called on to plead. It does not appear that any other attorneys appeared for the petitioner at that stage of the proceedings, and it is to be presumed that it did not then appear by or have an attorney from the fact that the court ordered a plea of "not guilty" to be entered for it. Under section 1396 of the Penal Code it was the duty of the court, upon the refusal of petitioner to enter a plea to the information, it having no attorney in court to make an answer of any kind for it, to order a plea of "not guilty" to be entered for it. So far as the averments of the petition disclose, the proceeding was regular and in accordance with the explicit mandate of the statute.

If the petitioner was not legally committed, the law plainly points out the procedure by which such question may be raised and determined.

The act of filing an information by the district attorney in the superior court charging a party with a crime of which that court has jurisdiction presupposes, as a predicate of the order of commitment upon which such information is based, a preliminary examination of the charge by a magistrate. Or, in other words, upon the filing of an information the presumption arises that the accused has been given the preliminary hearing by a magistrate upon the charge preferred against him, required by the constitution as an indispensable prerequisite to the filing of such information. (Sec. 8, art. I.)

This presumption may, however, be rebutted, and section 995 of the Penal Code points out how it may be done. It is therein provided, among other things, that an information must be set aside by the court in which the defendant is arraigned, upon his motion, if it appears "that before the filing thereof the defendant had not been legally committed by a magistrate." If, therefore, the petitioner was brought before the magistrate or proceeded against by that officer upon the charge alleged in the information without observance by said officer of the essential or jurisdictional steps made requisite by the law in order to clothe him with authority to proceed to examine a criminal charge against a corporation, it follows that the petitioner was not "legally committed," and

that question may properly be brought to the attention of the court, in the first instance, only through a motion to set aside the information, and if error occur at the hearing of such motion, the remedy is by appeal. (*Murphy* v. *Superior Court,* 58 Cal. 520; *Leavy* v. *Wilson,* 69 Cal. 105, [10 Pac. 272]; *Spect* v. *Superior Court,* 59 Cal. 319.)    In short, in all cases the only proceeding authorized by the law in which the question of whether a party against whom an information has been filed has or has not been legally committed by a magistrate before the filing of such information is a motion to set aside the same on that ground, and when such motion is made the superior court entertaining it has jurisdiction to make such ruling thereon as its judgment dictates, whether such ruling involves or is founded on error or not, and the decision must stand unless reversed on appeal.

Counsel for petitioner have cited many cases, with the conclusions in which the result reached here does not conflict. There is absolutely no question but that there must be, by the express command of the constitution, a preliminary hearing by a magistrate of a felony charge, or of a charge commonly called an "indictable misdemeanor," precedently to the making of an order of commitment, by which alone an information can be supported.

We gather the impression from the arguments of counsel that a motion to set aside the information against the petitioner is now pending before the respondents, having been filed, as we understand it, after the plea for the petitioner was ordered entered by the court.    In this connection, we shall take occasion to suggest that, under all the circumstances shown here, the court should allow the motion to be pressed, if petitioner so desires.    In order to do this it would, obviously, be necessary to first set aside the plea ordered entered for the petitioner by the court.    This is, as must readily be understood, only a suggestion which the respondents may or may not adopt, according as they may view the matter.

But it is clear, as we think we have shown, that the respondents, by reason of the filing of the information, have jurisdiction of the offense charged and of the person of the petitioner, and that the latter has an adequate remedy in the ordinary course of law for the correction of the errors, if any have been made by the court, occurring thus far in the proceedings involving the charge against the petitioner.

The prayer for a writ of prohibition is, accordingly, denied, and the alternative writ discharged.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 16, 1909.