[Crim. No. 2902. In Chambers of the Chief Justice.—April 24, 1926.]

In the Matter of the Application of JOHN L. COLLINS for a Writ of Error to the Supreme Court of the United States.

[1] CRIMINAL LAW — SECTION, 1168 PENAL CODE — CONSTITUTIONALITY OF.—Section 1168 of the Penal Code does not violate the fourteenth amendment to the constitution of the United States, as being discriminatory, reposing an arbitrary discretion in an administrative body, or vesting judicial powers in the state prison board.

[2] ID.—UNIFORM PROVISIONS—RULE.—It is not necessary that the provisions of section 1168 of the Penal Code, to be uniform in their application, should apply universally, it being sufficient that the law bear equally, in its burdens and benefits, upon persons in the same category, which depends upon the facts that characterize the offense.

[3] ID.—WRIT OF ERROR—FEDERAL QUESTION.—In a proceeding for a writ of *habeas corpus* to discharge a prisoner serving a term in the state's prison for forgery, the time of which was fixed by the state prison board, no federal question is involved in the contention that section 1168 of the Penal Code violates the fourteenth amendment to the United States constitution in being discriminatory, reposing an arbitrary discretion in an administrative body and vesting judicial powers in the prison board, and a writ of error to the supreme court of the United States, after denial of a writ of *habeas corpus*, should be denied.

(1) 12 C. J., p. 809, n. 96, p. 1188, n. 49 New.   (2) 12 C. J., p. 1188, n. 47, 47 New.   (3) 25 C. J., p. 928, n. 91.

APPLICATION for a Writ of Error to the Supreme Court of the United States.   Denied.

The facts are stated in the opinion of the court.

John L. Collins, *in pro. per.*, for Petitioner.

WASTE, C. J.—The petitioner was convicted of the crime of forgery and sentenced to be confined in the state prison, but the court in imposing such sentence did not fix the term or duration of the period of imprisonment, leaving the prison board to determine what length of time the petitioner

1. See 8 Cal. Jur. 468.

should be confined. (Pen. Code, sec. 1168.) After the expiration of the minimum term of imprisonment provided by law for forgery (Pen. Code, sec. 473) had expired, the prison board fixed the term of imprisonment of petitioner at twelve years. Contending that his detention was illegal, petitioner sought his release from imprisonment through an application to this court for a writ of *habeas corpus,* which was denied without opinion. (*Application of Collins,* Crim. 2902, April 5, 1926.) He has now made application to the Chief Justice for a writ of error to the supreme court of the United States.

[1] In denying the application for a writ of *habeas corpus* the court considered petitioner's contention, based on his construction of the decision in *People* v. *Sama,* 189 Cal. 153 [207 Pac. 893], that section 1168 of the Penal Code is unconstitutional, in that it violates the provisions of the fourteenth amendment to the constitution of the United States; is discriminatory; reposes an arbitrary discretion in an administrative body, and vests judicial powers in the prison board. [2] This court held, in *People* v. *Sama, supra,* that it was not necessary that the provisions of the section, to be uniform in their application, should apply universally. It is sufficient, as was there pointed out, that the law bear equally, in its burdens and benefits, upon persons in the same category, and this depends upon the facts that characterize the offense. Had a written opinion been handed down in the matter of the application for a writ of *habeas corpus,* it would have been to the effect that the section is neither discriminatory nor unconstitutional in the manner contended for by the petitioner. (*People* v. *Sama, supra; In re Lee,* 177 Cal. 690 [171 Pac. 958].)

[3] For the reason that I am not convinced that a federal question is involved in this matter, the application for a writ of error to the supreme court of the United States is denied.