[Crim. No. 1316. First Appellate District, Division Two.—May 23, 1927.]

## THE PEOPLE, Respondent, v. FLOYD RICHARDSON, Appellant.

[1] CRIMINAL LAW—ROBBERY—ABSENCE OF RECORD OF COMMITMENT—JURISDICTION—PRESUMPTIONS—APPEAL.—Although the record on appeal from a conviction of robbery did not show that defendant was legally committed by a magistrate prior to the filing of the information, it will be presumed that the superior court had jurisdiction in this respect.

[2] ID. — INFORMATION — FILING BEFORE COMMITMENT — ABSENCE OF MOTION TO SET ASIDE—APPEAL.—Where defendant made no motion at the trial to set aside the information on the ground that it was not filed before his commitment by a magistrate, as provided by sections 995 and 996 of the Penal Code, he may not raise that point on appeal.

[3] ID.—ROBBERY—ARTICLES FOUND IN DEFENDANT'S ROOM—ABSENCE OF SEARCH-WARRANT—EVIDENCE.—In a prosecution for robbery,

---

1. See 8 Cal. Jur. 573.

2. See 14 Cal. Jur. 17.

3. Admissibility of evidence obtained by illegal search and seizure, notes, 94 Am. St. Rep. 345; 15 Ann. Cas. 1205; Ann. Cas. 1915C, 1182; 59 L. R. A. 466; 24 A. L. R. 1408; 32 A. L. R. 408; 41 A. L. R. 1145. See, also, 8 Cal. Jur. 78; 8 R. C. L. 196. Admissibility against defendant of documents or articles taken from him, notes, 59 L. R. A. 466; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.

articles of personal property taken from defendant's room at the time of his arrest were competent evidence, although taken without a search-warrant.

[4] ID.—USE OF AUTOMOBILE IN PERPETRATION OF ROBBERY—IDENTIFICATION—OTHER CRIMES—EVIDENCE.—In such prosecution, where an automobile was used in the perpetration of the robbery, testimony of the owner identifying the automobile and asserting that it had been stolen just prior to the robbery and that the articles of personal property found in defendant's room at the time of his arrest were in the car at the time of its disappearance was admissible, although it tended to prove another crime for which defendant was not on trial.

[5] ID.—DEGREES OF ROBBERY—VERDICT.—A defendant convicted of first degree robbery cannot complain because his co-defendant was only found guilty of robbery in the second degree, the jury having the power to make this distinction between the two defendants under sections 970 and 1157 of the Penal Code.

[6] ID.—INSTRUCTIONS—ABSTRACT STATEMENTS CONCERNING ADMISSIBILITY OF EVIDENCE—PROPER REFUSAL.—In such prosecution, requested instructions containing merely abstract statements concerning the admissibility of evidence were properly refused.

[7] ID.—MISCONDUCT OF DISTRICT ATTORNEY—EXCLUSION OF WITNESSES—FAILURE TO MAKE OBJECTION.—In such prosecution, a request by the district attorney that two officers instead of one be permitted to remain in court, after an order excluding witnesses, did not constitute error or misconduct, where no assignment or objection was made.

[8] ID.—FAILURE OF DEFENDANT TO DENY ACCUSATORY STATEMENT—COMMENT BY DISTRICT ATTORNEY—ABSENCE OF MISCONDUCT.—In such prosecution, comment by the district attorney on defendant's failure to make denial when confronted with an accusatory statement under circumstances calling for a reply and affording an opportunity to reply did not constitute misconduct, it not being a comment on defendant's failure to testify.

[9] ID.—INSTRUCTIONS—ADMISSIONS.—In such prosecution, the trial court did not err in instructing the jury that if defendant was

4. Evidence of other crimes in prosecution for robbery, notes, 62 L. R. A. 288, 318, 324; L. R. A. 1917D, 388. See, also, 8 Cal. Jur. 71; 22 Cal. Jur. 862, 863; 8 R. C. L. 198 et seq.

6. See 8 Cal. Jur. 322.

7. See 8 Cal. Jur. 508; 8 R. C. L. 261.

9. Admissibility of undenied accusation of crime, notes, 4 Ann. Cas. 1042; 12 Ann. Cas. 875; Ann. Cas. 1913C, 240. See, also, 8 Cal. Jur. 103; 1 R. C. L. 478; 8 R. C. L. 192.

confronted with an accusatory statement under circumstances call-
ing for a reply and affording a reasonable opportunity to reply,
his failure to reply might be taken as an admission.

[10] ID.—INDETERMINATE SENTENCE LAW—CONSTITUTIONAL LAW.—The
indeterminate sentence law (section 1168, Penal Code) is consti-
tutional.

---

(1) 17 C. J., p. 216, n. 43.    (2) 17 C. J., p. 53, n. 90.    (3) 16
C. J., p. 570, n. 90.    (4) 16 C. J., p. 611, n. 43.    (5) 17 C. J., p. 208,
n. 79.    (6) 16 C. J., p. 1041, n. 15.    (7) 16 C. J., p. 843, n. 24.
(8) 16 C. J., p. 902, n. 41.    (9) 16 C. J., p. 1002, n. 16.    (10) 16
C. J., p. 1369, n. 25.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial. Pat R. Parker, Judge Presiding. Af-
firmed.

The facts are stated in the opinion of the court.

Floyd Richardson, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and Emery E. Mitchell,
Deputy Attorney-General, for Respondent.

KOFORD, P. J.—Defendants were jointly charged by in-
formation, tried, and convicted of the crime of robbery.
Appellant was found guilty of robbery in the first degree
and his co-defendant (not appealing) in the second degree.
The appeal is from the judgment and order denying a mo-
tion for a new trial.

The prosecuting witness testified that appellant and his
co-defendant driving a Chevrolet touring car crowded him
into the curbing of the street upon which he was driving
in his Ford car and that they then beat and robbed him by
means of pistols. The defendants were arrested in their
rooms two days later. A search of the apartment resulted
in finding two pistols and also articles identified by the
owner of the Chevrolet as having been in the car when it
was stolen shortly before the robbery.

Appellant, who appears for himself, raises numerous
points upon this appeal, many of which have been pre-
viously settled. [1] The record on the appeal from this

---

10.  See 8 Cal. Jur. 468.

judgment does not show whether or not defendant was legally committed by a magistrate prior to the filing of the information. The record upon this appeal properly enough does not include proceedings prior to the information. It is claimed that the record must affirmatively show this or we must hold upon this appeal that the trial court was without jurisdiction (Const., art. I, sec. 8). The point is not well taken. The superior court is a court of general jurisdiction and there are many things which might affect its jurisdiction which are presumed where the record is silent. This is one of them. (*Western Meat Co.* v. *Superior Court,* 9 Cal. App. 538 [99 Pac. 976].) **[2]** In order that this point may be raised on appeal it is necessary to make an appropriate motion at the trial. (Pen. Code, secs. 995, 996; *People* v. *Bomar,* 73 Cal. App. 372 [238 Pac. 758].)

**[3]** The articles of personal property taken from defendants' rooms were competent evidence, even though they were taken without a search-warrant at the time of defendants' arrest. (*People* v. *Mayen,* 188 Cal. 252 [24 A. L. R. 1383, 205 Pac. 435].)

**[4]** The owner of the Chevrolet car was permitted to testify that he was not operating it at the time and place of the robbery; that it had been taken without permission by someone just prior to the robbery and that the articles of personal property found in defendants' room at the time of their arrest were in the car at the time of its disappearance. This is assigned as error in that it tends to prove another crime by defendant for which he was not on trial. The evidence was material and relevant upon the robbery charge and it was not necessary to exclude it merely because it incidentally proved more. (*People* v. *Booth,* 72 Cal. App. 160, 166 [236 Pac. 987].) The jury was fully informed and instructed not to consider whether the defendant was guilty of any other crime or offense than the one charged.

**[5]** The evidence was sufficient to justify a verdict of robbery in the first degree as to both defendants jointly tried. This appellant has no valid complaint arising from the fact that his co-defendant was found guilty in the second degree. The jury had the undoubted power to make this distinction betwen the two defendants. (Pen. Code, secs. 970, 1157.) The court properly instructed the jury that they should consider each defendant separately.

[6] The court properly refused to give the three instructions requested by defendant. They were abstract statements concerning the admissibility of evidence.

[7] After an order had been made excluding witnesses the district attorney requested that two officers instead of one be permitted to remain in court and stated: "I want one right with me and another to remain in court. . . . Officer De Matei will testify later in the case, but I feel I want two officers connected with the case." Defendants' counsel stated, "Well, we won't object to that." The record is not clear as to whether the request was for the purpose of assisting with the evidence or for the purpose of exhibiting personal fear of the defendant as claimed by appellant. No assignment or objection being made, it was not error or misconduct.

[8] The conduct and argument of the district attorney was within proper bounds. He did not comment on the failure of defendant to testify in his own behalf, but referred to his failure to make a denial when confronted, accused, and identified by the complaining witness. [9] The court did not err in instructing the jury that if the defendant was confronted with an accusatory statement under circumstances calling for a reply and affording a reasonable opportunity to reply, his failure to reply may be taken as an admission, but that they should not consider the facts in the accusatory statement except to consider the defendant's conduct on being so confronted if he remained mute. (*People* v. *Amaya,* 134 Cal. 531 [66 Pac. 794].)

[10] Appellant attacks the constitutionality of the indeterminate sentence law, Penal Code, section 1168. The constitutionality of the section in all the respects urged by appellant has been upheld in *People* v. *Hale,* 64 Cal. App. 523 [222 Pac. 148]; *People* v. *Sama,* 189 Cal. 153 [207 Pac. 893]; *In re Lee,* 177 Cal. 690 [171 Pac. 958]; *In re Collins,* 198 Cal. 508 [245 Pac. 1089].

The judgment and order appealed from are affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 21, 1927.