[Crim. No. 6422.    Second Dist., Div. One.    Mar. 31, 1959.]

THE PEOPLE, Respondent, v. EDDIE STEVE GURULE, Appellant.

Eddie Steve Gurule, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from an order denying appellant's petition for a writ of error *coram nobis.*

On October 11, 1957, in the Superior Court in Los Angeles County, the appellant was found guilty of a violation of section 11500, Health and Safety Code. He was charged with two prior felony convictions, however the judge made no finding with reference to either of such prior convictions. The appellant made an application for probation. On November 1, 1957, the defendant's application for probation was denied and he was sentenced to the state prison as a first offender. There was no motion for a new trial and no appeal was taken from the judgment.

About June 13, 1958, the appellant filed a petition for a writ of error *coram nobis* in the Superior Court of Los Angeles County. On June 26, 1958, a hearing on said petition was had and the petition was denied. This appeal is from the denial of such petition.

The appellant contends that the trial court committed error at the trial in that the identity of the informant used by the police to locate the appellant was never revealed. We do not have the benefit of a reporter's transcript in this particular case, and are therefore unaware as to what the testimony might have been at the trial.

In any event, "In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. (Citing cases.) Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (Citing cases.) The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has

stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)'' (*People* v. *Adamson*, 34 Cal.2d 320, 326-327 [210 P.2d 13].)

■ It was also said in *People* v. *Tuthill*, 32 Cal.2d 819, at page 822 [198 P.2d 505] : ''It is a general rule that the writ will not be granted for newly discovered evidence going to the merits of the issue tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial. (Citing cases.)  ■ And the writ does not lie to correct errors of law; it 'is not intended to authorize any court to review and revise its opinions.' (Citing cases.) ''

■ The appellant, in his application in the superior court, refers only to matters of law, and to facts of which he had knowledge at the time of the trial. In his brief in this court he writes of conjecture and opinion as to his criminal act, lack of evidence to connect him with the crime, lack of certainty of proof, incompetent evidence and improper admissions of evidence. None of the points as raised by the appellant, under the circumstances of this case, are of the type which a writ of error *coram nobis* was designed to correct. There is a strong presumption of regularity. (*People* v. *Croft*, 134 Cal.App.2d 800 [286 P.2d 479].)

■ There is no clear and substantial proof before this court and there was none, so far as we are able to ascertain, before the trial court in support of the application and petition. (*People* v. *Devora*, 105 Cal.App.2d 457 [233 P.2d 653].) When such evidence is not presented, the trial court is justified in disbelieving the allegations made by the petition. The ruling of the trial court will not be disturbed on appeal in the absence of a clear abuse of the discretion lodged with it. (*People* v. *Bible*, 135 Cal.App.2d 65 [286 P.2d 524].)

■ Furthermore, the appellant was required to show due diligence and in the event there is no such showing, the petition is defective. (*People* v. *Shorts*, 32 Cal.2d 502, 512 [197 P.2d 330].) The judgment in this case was entered on November 1, 1957. The petition was filed June 13, 1958. Under the circumstances we do not believe due diligence has been shown. (*People* v. *Krout*, 90 Cal.App.2d 205, 209 [202 P.2d 635].)

The order denying the application of the appellant for a writ of error *coram nobis* is affirmed.

White, P. J., and Lillie, J., concurred.