[Crim. No. 6307.   Second Dist., Div. One.   Oct. 5, 1959.]

THE PEOPLE, Respondent, v. JOHN R. RAY, Appellant.

John R. Ray, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

FOURT, Acting P. J.—This is an appeal from an order denying the defendant's petition for a writ of error *coram nobis* and an appeal from an order denying a rehearing.

In an information filed in Los Angeles County on April 1, 1941, the defendant was charged in Count One through Three, Five, Seven and Eight with the crime of robbery while armed with a concealed deadly weapon, namely a revolver. In Counts Four and Six the defendant was charged with the crime of kidnapping for the purpose of robbery while armed with a concealed deadly weapon, namely a revolver. In Count Nine the defendant was charged with the crime of assault with a deadly weapon with the intent to commit murder while armed with a concealed deadly weapon, namely a revolver.

It was also charged in the information that the defendant had previously been convicted of two felonies and that he had served a term in prison for each of such offenses, the first of such prior conviction being for robbery in Utah about October 26, 1926, and the second for robbery in California about February 27, 1931.

The defendant was represented by the public defender and entered a plea of not guilty and denied the prior convictions on or about April 9, 1941. On May 23, 1941, in open court and while represented by the public defender, the defendant withdrew his plea of not guilty as to Counts One, Two and Nine, entered a plea of guilty thereto and admitted to being armed at the time of the commission of each of the offenses as set forth in each of the said counts. The defendant also admitted the prior convictions and to the serving of a prison term for each of such prior convictions.

The court found the robbery to be in the first degree in each of Counts One and Two. The defendant waived time for passing sentence. The judge sentenced the defendant to the state prison on each count. The sentence as to Count Two was ordered to run consecutively with the sentence in Count One and the sentence as to Count Nine was ordered to run consecutively with the sentence in Count One and with the sentence in Count Two. The judge also found the defendant to be and adjudged him an habitual criminal. The remaining counts of the information, namely Counts Three, Four, Five, Six, Seven and Eight were dismissed.

On February 11, 1958, the defendant filed in the Superior Court in Los Angeles County a petition for a writ of error *coram nobis*. On March 19, 1958, the petition was denied upon the grounds of an unreasonable delay in the filing thereof. On April 13, 1958, the defendant filed a petition for a rehearing. No new grounds were set forth or alleged in the petition for a rehearing. The petition for such rehearing was denied on April 14, 1958. A notice of appeal dated April 18, 1958, was filed by the defendant on April 21, 1958.

It is apparent that the notice of appeal from the order denying petition for a writ was not filed on time. We will consider the appeal as being from the order denying a rehearing.

On December 8, 1958, appellant filed his opening brief and on June 2, 1959, he filed a "motion for a default judgment" which for lack of a better name we have designated as a supplemental brief. Nothing helpful has been set forth in appellant's brief and in effect such are nothing but a scathing denunciation of practically all law enforcement agencies, courts, the Adult Authority, prisons, and government generally. It can be ascertained, however, from what is called a "table of contents" that appellant's contentions are as follows:

1. It was error for the lower court to deny the application for a writ of error *coram nobis* on the grounds of unreasonable delay; 2. It was error for the lower court not to produce the prisoner at the hearing on the application for said writ, and thus it was error for the lower court to hold a hearing in the absence of the appellant; 3. The sentence handed down by the original trial court for the offenses of which appellant pleaded guilty, was an unlawful sentence; 4. It was illegal and unconstitutional for the trial court to adjudge appellant an "habitual criminal"; 5. The trial court lacked jurisdiction to try appellant or impose any sentence whatsoever; 6. The trial court lacked jurisdiction to adjudge appellant an "habitual criminal"; 7. Penal Code, section 644 (punishment of habitual criminal) is unconstitutional in that it permits entry of a judgment without a trial, notice, or accusation, and constitutes a secret bill of attainder outlawed by article I, section 9 of the United States Constitution; 8. The trial court lacked jurisdiction in that appellant was tried under an information rather than an indictment by a grand jury; 9. The trial court lost jurisdiction when it failed to fix appellant's sentence, and

instead sentenced appellant to an "unknowable something"; 10. The trial court judgment was rendered void by an unlawful deprivation of prison credits; 11. It is incongruous for a court and appointed counsel to act as prosecutor; 12. It is the essence of tyranny for the state to imprison any one and then conspire, commute, and plot to suspend or evade the writ of habeas corpus.

The appellant was required to show due diligence in the filing of his application for the writ in the first instance. This he did not do. The application is defective under such circumstances. (*People* v. *Shorts*, 32 Cal.2d 502, 512 [197 P.2d 330]; *People* v. *Gurule*, 169 Cal.App.2d 280, 282 [337 P.2d 111].) The judgment in this case was filed May 23, 1941. The application was filed about February 11, 1958. This court in *People* v. *Gurule, supra,* at pages 281-282 in quoting from *People* v. *Adamson,* 34 Cal.2d 320, 326-327 [210 P.2d 13], said the following:

"In any event, 'In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. (Citing cases.) Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (Citing cases.) The applicant for the writ "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief." (Citing cases.)' "

The appellant in this case refers to matters of law or of facts of which he had knowledge at or about the time of the trial. None of the matters suggested in the points by the appellant is of the type which the writ of error *coram nobis* was designed to correct.

Even if the application had been timely made in the first instance what was said in *People* v. *Gurule, supra,* is appropriate here, namely:

"There is no clear and substantial proof before this court and there was none, so far as we are able to ascertain, before the trial court in support of the application and petition. (*People* v. *Devora,* 105 Cal.App.2d 457 [233 P.2d 653].) When such evidence is not presented, the trial court is justified in disbelieving the allegations made by the petition. The ruling

of the trial court will not be disturbed on appeal in the absence of a clear abuse of discretion lodged with it. (*People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524].)''

The order of the trial court of April 14, 1958, in denying the petition for the rehearing is affirmed. The purported appeal from the order of March 19, 1958, denying the application for a writ of error *coram nobis* is dismissed.

Lillie, J., and Shea, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 2, 1959.

*Assigned by Chairman of Judicial Council.