[Crim. No. 3721.   First Dist., Div. One.   May 19, 1960.]

THE PEOPLE, Respondent, v. JOHN RAY, Appellant.

John Ray, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Harry W. Low, Deputy Attorneys General, for Respondent.

TOBRINER, J.—This petition for a declaratory judgment is but the latest of a long series of legal proceedings instituted by appellant since his 1941 conviction upon a plea of guilty to a charge of first degree robbery, his adjudication as an habitual criminal and his sentence to life imprisonment. The petition in substance is but a protracted and confused repetition of what has been urged before. Thus the appeal from the superior court's dismissal of the petition must fail because appellant does not: (1) meet the procedural requirements of an action for declaratory relief, (2) show an abuse of discretion of the trial court in denying it, (3) make a showing on the merits justifying such relief.

The record of the criminal proceedings in which appellant has been involved is unfortunately a long one. Convicted of the felony of robbery in Utah in 1926 appellant served a prison term. (*People* v. *Ray* (1959), 174 Cal.App.2d 233, 234 [344 P.2d 347].) Again convicted of that offense in California in 1931 appellant served an additional term. (*Id.*) In May, 1941, appellant pleaded guilty in open court in California to robbery while armed with a concealed deadly weapon and to assault with intent to commit murder while so armed. Appellant, represented by the public defender, admitted the prior convictions and prison terms. The court found him guilty of first degree robbery, adjudged him an habitual criminal, and sentenced him to life imprisonment in the state prison. (*Id.*) Charged with another robbery in the first degree on or about October, 1941, appellant again pleaded guilty and was sentenced, "as prescribed by law," the sentence to run consecutively with the prior term. Appellant did not appeal.

Appellant has instituted over 20 applications to the courts of California since 1955, of which this proceeding is the latest. The only relief thus far granted consists of a correction of an abstract of judgment, the court thereby providing that the sentences above mentioned run concurrently rather than consecutively. The superior court has heretofore denied appellant's "Bill of Exceptions" to his "complaint, habeas corpus or a motion to vacate, set aside the judgment and declare it null and void" as well as his "Petition for a Declaratory Judgment," "Motion to Correct the Record," "Motion to Augment the Record and a stipulation or oral agreement" [sic]. This

is an appeal from the court's denial of this last "Petition for a Declaratory Judgment."

We do not pass upon the general question of the availability of declaratory relief to test a criminal conviction, which petitioner seeks to accomplish here, since the "petition" may be clearly disposed of upon other grounds.

Appellant's contentions neither surmount the failure of the petition to meet the procedural requirements of Code of Civil Procedure, section 1060, nor the fact that the court's refusal to grant relief should not be set aside in the absence of an abuse of discretion. Appellant's running narrative does not plead a controversy; it does not properly name the parties; it does not meet the normal pleading requirements of section 1061.

The declaratory relief section specifically provides that the court may refuse to grant relief "in any case where its declaration . . . is not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061.) ▮ That declaratory relief rests in the discretion of the court has long been recognized. (2 Anderson, Declaratory Judgments, 913.) Unless the aggrieved party affirmatively proves an abuse of discretion, the denial of relief will be upheld. (*Cutting* v. *Bryan* (1929), 206 Cal. 254, 257 [274 P. 326].) ▮ In *Orloff* v. *Metropolitan Trust Co.* (1941), 17 Cal.2d 484 [110 P.2d 396], the court found no abuse of discretion in the trial court's refusal to entertain an action for declaratory relief which complained of acts "all of . . . which . . . were concluded before his suit was commenced. . . ." (P. 489.) ▮ Nor does the court abuse its discretion in rejecting such relief in a situation in which "plaintiff has a speedy and adequate remedy other than by means of declaratory relief. . . ." (*City of Alturas* v. *Gloster* (1940), 16 Cal.2d 46, 49 [104 P.2d 810].) ▮ Habeas corpus would have afforded relief to appellant if the alleged contentions were meritorious. Appellant does not show an abuse of discretion here.

▮ Finally, of course, declaratory relief does not lie in a case in which a complaint makes no case on the merits and would merely produce a useless trial. (*Konecko* v. *Konecko* (1958), 164 Cal.App.2d 249 [330 P.2d 393].) Much of the substance of appellant's "petition" consists of a repetition of issues raised in his application for a writ of *coram nobis* which has been characterized by the Second District, Division One, of the District Court of Appeal, in the following language: "Nothing helpful has been set forth in appellant's

brief and in effect such are nothing but a scathing denunciation of practically all law enforcement agencies, courts, the Adult Authority, prisons, and government generally." (*People* v. *Ray, supra* (1959), 174 Cal.App.2d 233, 235.)

■ We briefly and separately analyze appellant's main contentions in order to demonstrate their lack of merit:

1. Appellant contends that, upon his arrest in 1941, he was "held incommunicado for 5 days . . . deprived of the right to use a phone or call a counsel . . . questioned intermittently for five days, suffered periodical beatings, threats of murder, intimidation, duress, and forced to confess to some 10 different charges . . . threatened if he didn't plead guilty [to some nine different charges] he would be convicted of kidnapping and executed. . . . The appellant was not taken before a magistrate within two days or given a copy of the complaint as required by law, 825 Penal Code." The allegations fail because: (a) Appellant, represented by the public defender, did not at the hearing present any of these issues, but pled guilty. (*People* v. *Ray, supra* (1959), 174 Cal.App.2d 233, 234.) (b) Appellant failed to appeal his conviction, permitting the lapse of 14 years before instituting any proceedings whatsoever to obtain redress.

■ Appellant vehemently attacks the constitutionality of the indeterminate sentence system and the Adult Authority, but this has long been established. (*In re Lee* (1918), 177 Cal. 690 [171 P. 958], discussed in 7 Cal.L.Rev. (1918-1919) 132; *In re Collins* (1926), 198 Cal. 508 [245 P. 1089]; *People* v. *Hale* (1923), 64 Cal.App. 523 [222 P. 148].) ■ The determination of the term of imprisonment by the Adult Authority does not constitute a judicial act. (*Duffy* v. *Wells* (1952), 201 F.2d 503, rev'g. *Ex Parte Wells* (1951), 99 F. Supp. 320.) ■ A prisoner has no constitutional right to notice, a hearing or counsel in the proceedings of the Adult Authority in fixing his sentence (*In re Smith* (1949), 33 Cal. 2d 797 [205 P.2d 662]; *In re Korner* (1942), 50 Cal.App.2d 407 [123 P.2d 111]); the Authority functions as an administrative agency. In any event since 1950 the Authority has permitted appellant an annual hearing before it. Appellant attended these hearings until 1957; in that year, in his own words, he "refused to make any further appearances until the present Adult Authority was replaced by honest men who would obey the law and the constitution and honor their oath of office."

3. Appellant alleges that he was wrongfully denied time

credits, but he egregiously twists the construction of the statute and contends that such credits *must* be granted to him currently rather than be subject to the discretion of the Adult Authority. Paradoxically, however, he complains that the granting of 68 days of credit was illegal. Furthermore, appellant misconstrues the parole law, claiming that parole is mandatory in his case. ▌ Parole is a privilege, not a matter of right. (*Ex parte McManus* (1954), 123 Cal.App.2d 395 [266 P.2d 929].) As already noted appellant has been heard by the Adult Authority; were it not for his voluntary refusal to appear he would still be heard. ▌ It is for the Adult Authority to weigh all the pertinent factors and determine the appropriateness of parole. (Pen. Code, §§ 5077, 5078; *Roberts* v. *Duffy* (1914), 167 Cal. 629 [140 P. 260].)

▌ 4. Appellant challenges the constitutionality of the habitual criminal law. The constitutionality of that law is so well established it calls for no discussion. (*People* v. *Rose* (1938), 26 Cal.App.2d 513 [79 P.2d 737].)

▌ 5. Appellant's allegations that he received no notice of the habitual criminal charge and that "[p]rior convictions are simply a status . . ." are unavailing. No provision of law requires such notice (see in particular Pen. Code, § 644); the description of prior convictions as "simply a status" neither adds nor detracts from the legal consequences of the convictions.

6. Appellant contends that he has been subjected to cruel and unusual punishment. The facts alleged to constitute such punishment fail, in every instance, to support such an allegation.

▌ 7. Appellant claims that his constitutional rights have been violated by censorship of his mail. Reasonable censorship of mail is necessary in prison administration and is not a denial of constitutional right. (*Davis* v. *Superior Court* (1959), 175 Cal.App.2d 8, 20 [345 P.2d 513].)

▌ 8. Appellant argues that the State may not imprison him in any county but the one in which he committed the crime. No statute requires that the State maintain prisons in each county.

We have examined appellant's remaining contentions and find them of no merit.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.