Filed 6/20/16  Gates v. MGC Mortgage CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| DAVID GATES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MGC MORTGAGE, INC., ET AL.,<br><br>    Defendants and Respondents. | 2d Civil No. B261668<br>(Super. Ct. No. 1466891)<br>(Santa Barbara County) |

David Gates appeals from the judgment entered after the trial court sustained, without leave to amend, the demurrer of respondents MGC Mortgage, Inc., LPP Mortgage Ltd., and JP Morgan Chase Bank, N.A., to appellant's first amended complaint.  Appellant contends he alleged facts sufficient to state causes of action for wrongful foreclosure, violation of Civil Code section 2924, subd. (a)(6), fraud, conspiracy to defraud, breach of the implied covenant of good faith and fair dealing, violation of Business & Professions Code, section 17200, and declaratory relief.  He further contends the trial court erred when it took judicial notice of documents relating to the foreclosure and when it denied leave to amend.  We affirm.

*Facts and Procedural History*

In September 2005, appellant obtained a $1.14 million loan from Washington Mutual Bank (Washington Mutual), secured by a deed of trust on his Santa Barbara home.  Washington Mutual "securitized" the note and deed of trust by

transferring the note to the WaMu Pass-Through Certificates Series 2005-AR16 Trust, and by assigning the deed of trust to DB Structured Products (DBS) in August 2006. Deutsche Bank Trust Company (Deutsche Bank) was the trustee of the pass-through trust. Appellant alleges that when Washington Mutual transferred his note to the trust the trust had already "closed" and could not accept new notes. The assignment of the deed of trust to DBS was not recorded until January 2009.

Respondent JP Morgan Chase Bank (JP Morgan) acquired certain of Washington Mutual's assets and liabilities from the Federal Deposit Insurance Corporation (FDIC) in September 2008. Six months later, in March 2009, DBS assigned appellant's deed of trust to respondent LPP Mortgage Ltd., (LLP). The assignment was recorded in June 2009. Respondent MGC Mortgage, Inc. (MGC) services loans for respondent LPP. The two corporations have a common parent.

Appellant, who is disabled and was 72 years old when he filed the first amended complaint, made timely payments on the home loan until June 2009. Appellant's home was badly damaged in the May 2009 Jesusita Fires and, shortly thereafter, he was hospitalized for heart surgery. Appellant contacted the loan servicing agent for assistance. Within two weeks of his request for assistance, the assignments of the deed of trust were recorded in Santa Barbara County.

Due to a dispute with his insurer, appellant financed over $200,000 of fire damage repairs using his credit card. In January 2010, the insurer issued three checks totaling $202,548.64, to appellant and MGC jointly. MGC initially refused to release the funds to appellant. It eventually released $113,662.96 but still retains the remaining $88,885.68.

The original trustee of the deed of trust to appellant's home was California Reconveyance Company. LPP substituted Cal-Western Reconveyance Corp. (Cal-Western) as the trustee on November 1, 2011. One month before the substitution of trustee was executed, Cal-Western recorded a Notice of Default and Election to Sell Under Deed of Trust against appellant's property. At the time, appellant's loan was over

2

$91,000 in arrears. Cal-Western recorded a notice of trustee's sale against the property in January 2012, scheduling the sale for February 6, 2012. The sale has never been held.

In January 2012, appellant filed a verified complaint against respondents and sought a preliminary injunction to prevent the trustee's sale. The injunction was denied. Appellant filed a voluntary petition for bankruptcy. In opposing LPP's motion for relief from the bankruptcy stay, appellant stated he was "not opposed to making payments," although he challenged LPP's calculation of the amount due. Appellant later agreed to resume making payments. The bankruptcy petition was dismissed on April 4, 2013.

Appellant filed a second lawsuit against respondents relating to MGC's retention of the insurance proceeds. That action was removed by respondents to the United States District Court. The district court granted respondents' motion and dismissed the action without prejudice, concluding that appellant lacked standing to challenge the securitization of the loan, that MGC's retention of insurance proceeds did not violate Code of Civil Procedure section 726, and that respondents' conduct did not breach the covenant of good faith and fair dealing. Appellant chose not to amend and instead dismissed the action without prejudice on January 15, 2014.

Appellant filed the instant action on April 30, 2014. Respondents demurred and appellant filed his first amended complaint. Respondents demurred to that pleading. Their demurrers were sustained without leave to amend.

*Standard of Review*

We review the trial court's order sustaining respondents' demurrers de novo, to determine whether the facts alleged are sufficient to state a cause of action. We give the complaint a reasonable interpretation, reading it as a whole and with all of its parts in context. We assume the truth of all facts that are properly pleaded and those of which judicial notice may properly be taken, but not the truth of contentions, deductions, or conclusions of law or fact. (*C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1102.) If there is a reasonable possibility that the defect in a complaint can be cured by amendment, it is an abuse of discretion to sustain a demurrer

3

without leave to amend. Appellant has the burden to demonstrate the manner in which the complaint could be amended. (*Id.*)

*Discussion*

1. Allegations Against JP Morgan Chase Bank, N.A. Appellant alleges that Washington Mutual transferred his note to the pass-through trust and assigned the deed of trust to his home to DBS in August 2006. Chase acquired Washington Mutual assets two years later, in September 2008. Neither appellant's first amended complaint nor his opening brief on appeal contains factual allegations linking Chase to the note and deed of trust. The trial court correctly sustained Chase's demurrer without leave to amend because appellant failed to allege that Chase possessed an interest in the note and deed of trust or engaged in any conduct relating to the notice of default or trustee's sale of the property.

2. Wrongful Foreclosure. Appellant alleges respondents LPP and MGC are attempting to collect a debt in which they have no interest. The assignments of the deed of trust from Washington Mutual to DBS, and from DBS to LPP are void, appellant alleges, because the documents evidencing those assignments were tampered with and because appellant did not receive notice of the assignments. The transfer of the note is void because it occurred after the closing date of the trust.

As the trial court correctly determined, these allegations are not sufficient to state a cause of action for wrongful foreclosure. A cause of action for wrongful foreclosure requires allegations that, "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104.) Appellant's house has not been sold. Consequently, appellant has not alleged a cause of action for wrongful foreclosure.

4

Neither *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*) and *Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4th 1079 (*Glaski*), on which appellant relies, mandates a different result. Both cases are distinguishable because both involved properties that had been sold at a nonjudicial foreclosure sale. Both cases permitted the borrower whose property had been sold to challenge the completed sale on the ground that assignments of the underlying notes and deeds of trust were void. In *Yvanova*, for example, our Supreme Court held "only that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment. We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." (*Yvanova, supra*, 62 Cal.4th at p. 924 [199 Cal.Rptr.3d 66, 69-70].) Here, no foreclosure sale has occurred. Consequently, even under *Yvanova* and *Glaski*, appellant has not alleged facts sufficient to state a cause of action for wrongful foreclosure.

3. Violation of Civil Code section 2924, subdivision (a)(6). Civil Code section 2924, subdivision (a)(6) provides, "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest." This provision became effective on January 1, 2013.

Appellant's first amended complaint alleges that respondents violated this statute when they foreclosed on his home using the improperly securitized note and improperly assigned deed of trust. These allegations fail to state a cause of action for violation of the statute because the notice of default and notice of trustee's sale were

5

recorded in October 2011 and January 2012, before the effective date of Section 2924, subdivision (a)(6). The statute is not retroactive. (*Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 841.)

4. Fraud and Conspiracy to Defraud. Appellant attempts to state a cause of action for fraud based on respondents' recording the assignments, notice of default and notice of trustee's sale, and on their misappropriation of his insurance proceeds. Respondents were, appellant alleges, "cognizant of the fact the statements in the recorded instruments were false when made[,]" and they "caused the fabricated instruments with false statements to be recorded with specific intent to facilitate an unfair advantage by attaining title to [appellant's] Home." The First Amended Complaint does not specify the false statements, but alleges the signature of a Washington Mutual vice president was "photoshopped" onto the assignment to DBS, and that the named vice president was never an employee of Washington Mutual. Appellant also alleges respondent MGC obtained the proceeds from his insurance policy by misrepresenting that it would release the funds to appellant.

"In California, fraud must be pled specifically; general and conclusory allegations do not suffice. (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 74; *Nagy v. Nagy* (1989) 210 Cal.App.3d 1262, 1268; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 662, pp. 111-112.) 'Thus " 'the policy of liberal construction of the pleadings ... will not ordinarily be invoked to sustain a pleading defective in any material respect.' " [Citation.] [¶] This particularity requirement necessitates pleading *facts* which "show how, when, where, to whom, and by what means the representations were tendered." ' (*Stansfield*, *supra*, 220 Cal.App.3d at p. 73, italics in original.) A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.' (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157.)" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.) Thus, to allege a cause of action for fraud, the plaintiff must allege specific facts showing: (a) the

6

defendant made a misrepresentation; (b) with knowledge the representation was false; (c) and with an intent to induce the plaintiff's reliance; (d) the plaintiff justifiably relied on the misrepresentation; and (e) the plaintiff suffered resulting damage. (*Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 173.)

The trial court correctly sustained respondents' demurrers to the fraud claim because appellant failed to allege any of the required facts with specificity. For example, the first amended complaint does not allege how appellant relied on any misrepresentation contained in the recorded assignments or notices. The allegations relating to MGC's retention of the insurance proceeds fail to identify the time, place and nature of the statements on which appellant claims to have relied. Appellant also fails to identify the MGC employee who made the representations at issue. Appellant's attempt to state a cause of action for conspiracy to defraud fails for the same reasons.

5. Breach of Implied Covenant of Good Faith and Fair Dealing. Appellant contends respondents breached the implied covenant of good faith and fair dealing by engaging in the conduct that he alleged constituted fraud. In his brief on appeal, appellant contends only that respondents' misappropriation of the insurance proceeds violated the implied covenant.

"It has long been recognized in California every contract contains an implied covenant of good faith and fair dealing that ' "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." ' (*Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 400, 97 Cal.Rptr.2d 151, 2 P.3d 1; see also [*Wolf v. Superior Court* (2003) 107 Cal.App.4th 25, 31].) This covenant is 'read into contracts "in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." ' (*Carma Developers* (*Cal.*), *Inc v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 373 (*Carma Developers* ).)" (*Wolf v. Walt Disney Pictures and Television* (2008) 162 Cal.App.4th 1107, 1120.) The implied covenant will only be recognized to further the purpose of a contract; "it will not be read

7

into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself. (*Carma Developers, supra,* 2 Cal.4th at p. 374.)" (*Id.*)

Appellant's deed of trust provides, "Borrower hereby absolutely and irrevocably assigns to Lender all of Borrower's right, title and interest in and to all proceeds from any insurance policy . . . that are due, paid or payable with respect to any damage to such property . . . ." Because the deed of trust expressly permits respondents, as the lender's assignees, to retain proceeds from any insurance policy, their conduct in retaining insurance proceeds paid after appellant repaired fire damage to his house cannot, as a matter of law, breach the implied covenant of good faith and fair dealing. The trial court correctly sustained respondents' demurrer without leave to amend.

6. Violation of Business & Professions Code section 17200. Appellant alleges respondents violated Business & Professions Code section 17200 by engaging in the same conduct that he alleged amounted to wrongful foreclosure, fraud and breach of the covenant of good faith and fair dealing. To state a cause of action under this statute, a plaintiff must allege that a defendant engaged in an "unlawful, unfair or fraudulent business act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or property." (Bus. & Prof. Code, § 17200; *Bernardo v. Planned Parenthood Fed. of America* (2004) 115 Cal.App.4th 322.) Facts supporting each element of the alleged statutory violation must be pled with reasonable particularity. (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.)

As we have already discussed, the facts alleged in appellant's first amended complaint are not sufficient to state a cause of action for wrongful foreclosure, fraud or breach of the implied covenant. For the same reasons, we conclude the complaint fails to allege with particularity a violation of Business & Professions Code section 17200. The demurrer was properly sustained.

7. Declaratory Relief. The first amended complaint alleges the parties have an actual controversy regarding their rights and duties under the note and deed of trust based on the facts alleged in support of appellant's claims for wrongful foreclosure and fraud. Because the facts alleged in support of those claims fail to state a cause of

8

action, appellant's claim for declaratory relief also fails. " '[D]eclaratory relief does not lie in a case in which a complaint makes no case on the merits and would merely produce a useless trial. [Citation.]' (*People v. Ray* (1960) 181 Cal.App.2d 64, 67.)" (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1156; see also *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80; *Bardin v. Daimlerchrysler Corp.* (2006) 136 Cal.App.4th 1255, 1277.)

8. Judicial Notice of Documents. Appellant contends the trial court erred when it took judicial notice of unspecified "foreclosure documents." There was no error. There was no request for judicial notice by respondents and the trial court did not formally take judicial notice of any documents. Instead, each document referred to by the trial court was attached by appellant as an exhibit to the first amended complaint. Exhibits attached to a complaint may be considered on demurrer. (*Qualcomm, Inc. v. Certain Underwriters of Lloyd's, London* (2008) 161 Cal.App.4th 184, 191.) In ruling on the demurrer, the trial court accepts as true the contents of those exhibits. "Indeed, the contents of an incorporated document . . . will take precedence over and supercede any inconsistent or contrary allegations set out in the pleading." (*Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal.App.4th 1400, 1409.)

9. Denial of Leave to Amend. Appellant contends the trial court abused its discretion when it sustained the demurrers without leave to amend. It is an abuse of discretion to deny leave to amend if there is a reasonable possibility that defects in the pleadings can be cured by amendment. (*Lee v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, 854.) "The burden is on the plaintiff to demonstrate how he or she can amend the complaint. It is not up to the judge to figure that out. (*Blank v. Kirwan* [(1985)] 39 Cal.3d 311, 318.)" (*Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 322.)

There was no abuse. Appellant made no attempt in the trial court to describe additional facts he would allege in a new complaint to overcome the defects in his first amended complaint. (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491; *Rakestraw v. California Physicians' Service* (2000) 81

Cal.App.4th 39, 43-44.)  Similarly, his opening brief on appeal fails to describe how he would amend the first amended complaint to state a cause of action.  (*People ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112.)  Consequently, appellant failed to carry his burden and the trial court correctly denied leave to amend.

*Conclusion*

The judgment is affirmed.  Respondents shall recover their costs on appeal.
NOT TO BE PUBLISHED.


                                                                YEGAN, J.


We concur:



            GILBERT, P. J.



            PERREN, J.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Rodriguez Law Group, George M. Hill, Patricia Rodriguez, for Plaintiff and Appellant.

Locke Lord, Regina J. McClendon, Lindsey E. Kress; CLMG Corp., Robert A. Ackerman, for Defendants and Respondents, LLP Mortgage, LTD., and MGC Mortgage, Inc.

Keesal, Young & Logan, Hillary A. Darnell, Elizabeth H. Lindh, David D. Piper, for Defendant and Respondent JPMorgan Chase Bank, N.A.