[Crim. No. 827.  In Bank.—December 23, 1902.]

THE PEOPLE, Respondent, v. JAMES BURNS, Appellant.

CRIMINAL LAW — ROBBERY — ATTEMPT — VERDICT. — Section 664 of the Penal Code clearly creates the crime of "an attempt to commit robbery," and, under an information for robbery, a verdict may be found of guilty of such an attempt.

ID.—ASSAULT—INSTRUCTION.—An instruction that a verdict of guilty of a simple assault would be a finding that such an assault had been shown beyond a reasonable doubt, and that "it had not been shown to a moral certainty and beyond a reasonable doubt either that such assault had been made in conjunction with a specific felonious intent to commit either robbery or grand larceny as herein defined, or that a felonious attempt had been made to commit either of those offenses as herein defined," is not misleading, and does not erroneously import that the jury could not convict of a simple assault unless it appeared beyond a reasonable doubt that such assault had not been made with a felonious intent.

ID.—SENTENCE—ERRONEOUS METHOD OF COMPUTATION—EXPECTANCY OF LIFE.—Where a conviction for robbery, with two prior convictions of felony, would require a life punishment, it was erroneous for the court in sentencing the defendant upon a conviction for an attempt to commit robbery, with such prior convictions, to compute the expectancy of life of the defendant, and sentence him for one half of such expectancy.  The sentence should be for a just and fair punishment for a term of years, not less than ten, if there is no withdrawal of the prior conviction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Abraham Ruef, and Fabius T. Finch, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and Lewis F. Byington, District Attorney, for Respondent.

McFARLAND, J.—The defendant was charged in the information with the crime of robbery, and the verdict was guilty of an "attempt to commit robbery."  The information also charged two prior convictions, one of petit larceny and

the other of a felony. The defendant pleaded not guilty to the charge set out in the information, and admitted the prior convictions. The judgment was imprisonment in the state prison for a term of nineteen years; and defendant appeals from the judgment and from an order denying his motion for a new trial.

We do not find in the record any valid reason for reversing the order denying a new trial.

The contention of appellant that there is no such crime in this state as an attempt to commit robbery is not maintainable. It was held otherwise in *People* v. *Lee Kong*, 95 Cal. 666,[1] and *People* v. *Gardner*, 98 Cal. 127. Section 664 of the Penal Code clearly creates such crime.

Instruction XXIII, upon the subject of reasonable doubt and "moral certainty," to which appellant objects, is substantially the same as the instruction on that subject reviewed by this court in the recent case of the *People* v. *Huntington, post,* p. 261; and it was held in the latter case that the giving of such instruction was not a ground for reversal.

There is a part of instruction XVII which at first blush gives some plausibility to appellant's objection to it. Appellant contends that by this instruction the jury was substantially told that they could not convict him of only a simple assault unless it appeared beyond a reasonable doubt that such assault had not been made with a felonious intent to commit robbery or grand larceny; of course, such an instruction would have been erroneous. But this is clearly not the meaning of the instruction as given. It merely tells the jury that a verdict of guilty of a simple assault would be a finding that such assault had been shown beyond a reasonable doubt, and that—as the instruction proceeds—"it had not been shown to a moral certainty and beyond a reasonable doubt either that such assault had been made in conjunction with a specific felonious intent to commit either robbery or grand larceny, as herein defined, or that a felonious attempt had been made to commit either of those offenses, as herein defined." Taking the instruction as a whole, it is clear that the jury could not have been misled by it.

[1] 29 Am. St. Rep. 165.

The general contention that the charge of the court was so much in the nature of an argument against the appellant as to call for a reversal cannot, we think, be maintained. There are no other points arising on the appeal from the order denying the new trial which call for special notice.

We think, however, that the judgment was rendered upon a wrong theory under which the court below felt compelled to sentence appellant to a longer term of imprisonment than, as appears in the record, it otherwise would have done; and it would therefore be unjust to allow the judgment to stand. After the return of the verdict the court announced its conclusion that the only punishment that could be inflicted upon appellant was imprisonment in the state prison for one half of his natural life; and thereupon, under objection and exception of appellant, it was shown that, under the American Tables of Mortality, the expectation of life of appellant was thirty-eight years, and judgment was rendered for the exact half of that time,—to wit, nineteen years. We are satisfied that for obvious reasons a court, for the purpose of a judgment of imprisonment in a criminal case, cannot take as a basis for such judgment the expectation of life upon which insurance companies calculate their policies, and which is founded on what vital statistics show to be the average expectation. What the actual life of a particular person would be, and what would be the half of it, cannot be known; and if one half of the life of the appellant were the only punishment prescribed for the crime of which he was convicted, such punishment would be too vague and indefinite to be possible of enforcement, and no judgment could be rendered against him, but we think that under the decision in *People* v. *Gardner,* 98 Cal. 127, the appellant is punishable for a definite period of years. Section 213 of the Penal Code provides that "robbery is punishable by imprisonment in the state prison not less than one year"; and by section 671, the court in such case "may in its discretion sentence such offender to imprisonment during his natural life." Section 664 provides that a person who attempts to commit a crime but fails is punishable as follows: "1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in the county jail, the person guilty of such

CXXXVIII. Cal.—11

attempt is punishable by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one half the longest term of imprisonment prescribed upon a conviction of the offense so attempted." In *People* v. *Gardner,* 98 Cal. 127, the appellant had been convicted of an attempt to commit rape, and rape is punishable by imprisonment in the state prison not less than five years— so that the same law applies to an attempt to commit rape as to an attempt to commit robbery. In the Gardner case the appellant had been sentenced to five years, and it was contended that imprisonment for life being the "longest term" prescribed as punishment for the completed crime of rape, an attempt to commit that crime must be punished, if at all, for one half of life, which being impossible of calculation, there was no punishment prescribed for such offense, and no judgment whatever could be rendered. But the court said: "This reasoning is ingenious but not sound," and held that a defendant in such case could be legally sentenced for a definite term of years. No doubt the question is fairly a debatable one; but after a careful consideration of the subject we see no convincing reason for overruling *People* v. *Gardner,* and adhere to the rule declared in that case.

It is argued by appellant—and it seems to have been so considered by the court—that section 667 of the Penal Code determines his view to be correct; but that section has no applicability to the case at bar. It provides as follows: "Every person who, having been convicted of petit larceny, or of an attempt to commit an offense which, if perpetrated, would be punished by imprisonment in the state prison, commits any crime after such conviction, is punishable as follows: 1. If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the state prison for life, at the discretion of the court, such person is punishable by imprisonment in such prison during life." Now, in the case at bar, the "subsequent offense" was only an attempt to commit robbery, and was not therefore an offense which upon a first conviction "would be punishable by imprisonment in the state prison for life, at the discretion of the court." Said subdivision 1 of this section applies only to a case where the "subsequent conviction" is for the completed crime of robbery, or rape, or some other offense

for a conviction of which—in the absence of any prior conviction—the court, in its discretion, might impose a life imprisonment; and in such case only is the discretion of the court taken away, and the penalty of life imprisonment absolutely prescribed. With respect to the matter of a prior conviction,—which frequently causes embarrassing questions, —the case at bar is governed by section 666 of the Penal Code, which provides as follows: ''Every person who, having been convicted of any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor as follows: 1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison for any term exceeding five years, such person is punishable by imprisonment in the state prison not less than ten years.''

The order denying the motion for a new trial is affirmed. The judgment is reversed, and the cause remanded, with instructions to the superior court to render a judgment sentencing the appellant to imprisonment in the state prison for such a term of years as, in its opinion, would be a just and fair punishment,—not less than ten years,—if there be no withdrawal of the prior convictions.

Van Dyke, J., Garoutte, J., and Harrison, J., concurred.

Rehearing denied.

Angellotti, J., dissented from the order denying a rehearing.