[Crim. No. 2415. In Bank.—June 16, 1922.]

## THE PEOPLE, Respondent, v. JOE SAMA, Appellant.

[1] CRIMINAL LAW—ATTEMPT TO COMMIT ROBBERY—VOID SENTENCE UNDER INDETERMINATE SENTENCE LAW.—A sentence under the indeterminate sentence law of confinement in the state prison "as prescribed by law" for the crime of attempt to commit robbery is void for uncertainty, since it is a sentence for the maximum term, which, in view of sections 213, 664, and 671 of the Penal Code, is one-half of the natural life of the defendant.

[2] ID.—FUNCTION OF STATE PRISON BOARD—DETERMINATION OF LENGTH OF SENTENCE—CONSTITUTIONAL LAW.—The function which the state board of prison directors performs under section 1168 of the Penal Code in determining what length of time a convicted person shall be confined after the expiration of the minimum term of his imprisonment, is no part of the actual fixing of the sentence itself, and if it were so regarded it would be the exercise of a judicial function by an executive board, and void under section 1 of article III of the constitution.

[3] ID.—SENTENCE FOR ATTEMPTED ROBBERY—DEFINITE TERM OF YEARS — AUTHORITY OF COURT. — Notwithstanding that section 1168 of the Penal Code makes no provision for an indeterminate sentence in the case of a conviction of an attempt to commit robbery and the state board of prison directors is therefore without authority under such section to determine the length of imprisonment after expiration of the minimum term, the court has authority to impose a sentence for a definite term of years under the provisions of the Penal Code applicable before the adoption of the indeterminate sentence law.

APPEAL from a judgment of the Superior Court of Alameda County. George Samuels, Judge. Reversed.

The facts are stated in the opinion of the court.

Milton W. Sevier, Geo. M. Naus and Chester H. Case for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LAWLOR, J.—Appellant was accused, by information filed on January 5, 1921, of the crime of attempt to commit robbery, to which he pleaded not guilty, and upon the trial was found "guilty of an attempt to commit robbery as charged in the information." The judgment purports to be rendered under the indeterminate sentence law, and provides that appellant "be confined in the state prison of the state of California as prescribed by law." From that judgment appellant takes this appeal.

The only question presented on appeal is whether the judgment is invalid because under the sentence a definite maximum punishment was not in legal effect imposed. Appellant contends that it is void for uncertainty, because "it sentences appellant to be imprisoned for one-half of his life, and no one knows, or can know, before appellant's death, what one-half of his life will be." It is insisted the decisions are unanimous that an indeterminate sentence is really one for the maximum sentence; that the prison board in fixing the term at less than the maximum is merely exercising executive clemency; that the maximum sentence in this case is one-half of appellant's life; that such a sentence has always been held void for uncertainty; that, there-

fore, there is no valid penalty provided in this case, and the court cannot impose any punishment for the commission of the crime, and that appellant should be discharged. Respondent's contention is that there is a definite minimum term of six months; that when the minimum sentence has been served it becomes the duty of the state board of prison directors to determine what length of time appellant shall serve; that there is, therefore, no time during which the penalty is vague or uncertain; that the maximum term of imprisonment for this crime was the same before the adoption of the indeterminate sentence law as it is now, and that then the trial court had power to fix a term of imprisonment; that the indeterminate sentence law has transferred this power to the said board; that the statement that an indeterminate sentence is a sentence for the maximum term is but a theory.

The Penal Code provides: "Robbery is punishable by imprisonment in the state prison not less than one year" (sec. 213); "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: 1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, . . . the person guilty of such attempt is punishable by imprisonment in the state prison, . . . for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted" (sec. 664); "Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed" (sec. 671). From these statutory provisions it would appear that the longest term of imprisonment for an attempt to commit robbery is one-half the natural life of the offender.

The problem presented is, does the indeterminate sentence law have any applicability to this case? Section 1168 of the Penal Code declares: "Every person convicted of a public offense, for which public offense punishment by im-

prisonment in any reformatory or the state prison is now prescribed by law, if such convicted person shall not be placed on probation, a new trial granted, or imposing of sentence suspended, shall be sentenced to be confined in the state prison, but the court in imposing such sentence shall not fix the term or duration of the period of imprisonment.''

In the case of *In re Lee*, 177 Cal. 690 [171 Pac. 958], the prisoner was granted relief on *habeas corpus* from a purported indeterminate sentence of from one to ten years' imprisonment for the crime of manslaughter, upon the ground that section 1168 was *ex post facto* as to him. In discussing the constitutionality of section 1168 generally, the court declared: ''It has uniformly been held that the indeterminate sentence is in legal effect a sentence for the maximum term. It is on this basis that such sentences have been held to be certain and definite, and therefore not void for uncertainty. [Citing cases.] In answering the claim that the authority vested by the indeterminate sentence law in the board of prison directors is a delegation of either legislative or judicial powers to an executive body, it is pointed out that the legislative function is filled by providing the sentence which is to be imposed by the judicial branch upon the determination of the guilt of the offender. This is done by the enactment of the indeterminate sentence law. The judicial branch of the government is intrusted with the function of determining the guilt of the individual and of imposing the sentence provided by law for the offense of which the individual has been found guilty. The actual carrying out of the sentence and the application of the various provisions for ameliorating the same are administrative in character and properly exercised by an administrative body.'' [1] This being the settled law, it follows that the sentence imposed in the case at bar is one for the maximum term prescribed by law, which, as already indicated, would be for one-half of appellant's life. [2] It also follows from *In re Lee, supra*, that the function which the state board of prison directors would perform in determining what term of years appellant must serve is no part of the actual fixing of the sentence itself; and that if it were so regarded it would be

the exercise of a judicial function by an executive board, and void under section 1, article III, of the constitution. The legislature has no authority to vest this judicial power in the state board of prison directors, and in so far as section 1168 of the Penal Code purports to do so it is in violation of that section. Hence, in determining whether or not this sentence is valid, the test is the term of imprisonment called for by the judgment—one-half, of appellant's life—and not the term of years which would be fixed by the state board of prison directors at the expiration of the minimum term.

In *People* v. *Burns,* 138 Cal. 159 [60 L. R. A. 10, 69 Pac. 16, 70 Pac. 1087], the defendant was convicted of an attempt to commit robbery and admitted having suffered the two previous convictions of felony alleged in the information. In that case it was held that, under subdivision 1 of section 666 of the Penal Code, the court might, for the offense there in question, sentence the defendant to any term of imprisonment between the minimum of ten years and life. Discussing a sentence of imprisonment for one-half the defendant's life, the court said: ''What the actual life of a particular person would be, and what would be the half of it, cannot be known; and if one-half of the life of the appellant were the only punishment prescribed for the crime of which he was convicted, such punishment would be too vague and indefinite to be possible of enforcement, and no judgment could be rendered against him.'' Since a sentence for half a life would be invalid, authority to sentence appellant must be found apart from section 1168. This view of that section does not mean it may not operate in cases where it is applicable, for it is not necessary that the provision, to be uniform in its application, shall apply universally. It is sufficient that the law bear equally, in its burdens and benefits, upon persons in the same category, and this depends upon the facts that characterize the offense. (*People* v. *Judge of the Twelfth District,* 17 Cal. 549, 554.)

[3] It follows that section 1168 of the Penal Code makes no provision for an indeterminate sentence in the case of a conviction of an attempt to commit robbery and for that reason the sections of the Penal Code providing for the

sentencing of persons applicable before its adoption remain in full force and effect.

In the case of *People* v. *Gardner,* 98 Cal. 127 [32 Pac. 880], the defendant was sentenced to serve a term of five years in the penitentiary for an attempt to commit rape. Under sections 264, 664, and 671, the maximum punishment for that offense was not more than one-half of the defendant's natural life, but the maximum was not required. The sentence of five years was upheld on the grounds that inasmuch as a defendant convicted of the complete crime of rape might, under section 671, be imprisoned for the term of his natural life or for any term not less than the minimum, the court had power to impose either the maximum punishment, or any term of years between the minimum and the maximum; that for an attempt to commit rape the sentence, under sections 664 and 671, might be one-half of the defendant's life, or any term of years less than that period; that whether a sentence for a term of years were regarded as longer or shorter than one for the defendant's life, imprisonment for a term of years would be less than one-half the maximum term which might be imposed, and would be proper under sections 664 and 671. This reasoning was adopted in *People* v. *Burns, supra.* There is no difference in the punishment between the case at bar and *People* v. *Gardner, supra,* save in the minimum. It follows from the latter case that the trial court had authority to sentence appellant for a definite term of years.

As section 1168 has no application, the state board of prison directors is without authority under that section to determine the length of time appellant shall be confined. We are not to be understood as intimating that appellant, while undergoing punishment, may not apply for, nor the state board of prison directors have authority to grant, such relief as was afforded before the adoption of section 1168. In this connection it may be remarked that neither section 1168 nor any other provision has in terms or by implication repealed the provisions of the "Parole Law." (See Gen. Laws 1915, p. 1241.)

The judgment is reversed and the cause remanded with instructions to the superior court to render a judgment sentencing appellant to imprisonment in the state prison for

such a term of years as, in its opinion, would be a just and fair punishment.

Wilbur, J., Lennon, J., Shurtleff, J., Waste, J., and Shaw, C. J., concurred.

Rehearing denied.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent, and Sloane, J., who did not vote.

Shurtleff, J., was also absent, and Richards, J., *pro tem.*, was acting.