[Crim. No. 1531.   First Appellate District, Division One.—March 13, 1929.]

In the Matter of the Application of HARRY GILBERT for a Writ of Habeas Corpus.

Willard W. Shea, Public Defender, Alameda County, for Petitioner.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Petitioner is imprisoned in the state prison at Folsom by virtue of a commitment issued out of the superior court of the state of California in and for the county of Alameda, and seeks to be released on *habeas corpus* upon the ground that the judgment of sentence is void.

The uncontroverted facts are that on November 24, 1926, petitioner was charged in said court with having attempted to commit the crime of burglary and with having suffered a prior conviction of burglary in the second degree. He entered a plea of not guilty to the former and admitted the latter, and upon trial was found guilty of an attempt to commit burglary in the first degree. The judgment of sentence was that he "be confined in the state prison of the State of California at Folsom as prescribed by law."

An attempt to commit burglary in the first degree is punishable by imprisonment in the state prison for a term not exceeding one-half of the longest term of imprisonment which may be imposed upon conviction for the offense so attempted (Pen. Code, sec. 664). The minimum punishment prescribed for a conviction of burglary in the first degree is five years' imprisonment in the state prison (Pen. Code, sec. 461) and the maximum punishment is imprisonment during the natural life of the offender or any number of years not less than that prescribed (Pen. Code, sec. 671). Where, however, as here, a person has once been convicted of an offense punishable by imprisonment in the state prison and he has served a term therefor in any penal institution, and subsequently he commits an offense punishable by imprisonment in a state prison, the penalty prescribed therefor is imprisonment in the state prison for the maximum period for which he might have been sentenced if such

subsequent offense had been his first offense (Pen. Code, sec. 667). Therefore, if the provisions of the foregoing code sections are to be followed, the only sentence which could be imposed upon petitioner is that he be imprisoned in the state prison for the maximum term of one-half of his natural life; and it is conceded on the part of the state that such a sentence would be void, because "what the actual life of a particular person would be, and what would be the half of it, cannot be known." (*People* v. *Burns*, 138 Cal. 159 [60 L. R. A. 270, 70 Pac. 1087]; *People* v. *Sama*, 189 Cal. 153 [207 Pac. 893]; *People* v. *Gardner*, 98 Cal. 127 [32 Pac. 880].)

It is apparent, however, that the invalid sentence above mentioned is called for by said code sections merely because of the inclusion in the judgment of the prior conviction, and that in the absence of the latter the situation would be identical in principle with the one presented in *People* v. *Sama, supra,* and would permit a valid sentence to be imposed for the crime of attempted burglary. In that case the defendant was convicted of an attempted robbery, the maximum penalty for which was the same as prescribed upon conviction of an attempted burglary in the first degree, namely, imprisonment in the state prison for one-half of the life of the offender; and it was held that inasmuch as section 1168 of the Penal Code contained no provision for the pronouncement of an indeterminate sentence in a case of that kind, the sections of the Penal Code relating to the sentencing of persons, which were applicable before the adoption of section 1168, remained in full force and effect; and, therefore, under the authority of *People* v. *Gardner, supra,* and *People* v. *Burns, supra,* the cause was remanded to the trial court, with instructions to impose a sentence of "imprisonment in the state prison for such a term of years as, in its opinion, would be a just and fair punishment."

As pointed out, in the present case no valid sentence may be imposed to include both the attempted burglary and the prior conviction, but a valid sentence may be imposed upon the conviction of the attempted burglary alone (*People* v. *Sama, supra*); therefore, since the matter of a prior conviction constitutes a distinct, severable element of the charge in an information, and under certain circumstances may be disregarded (*People* v. *Chadwick*, 4 Cal. App. 63

[87 Pac. 384]), we are of the opinion that, under the general rule to the effect that "where there are several counts in the indictment, some of which are good and others bad, sentence may be imposed upon the good count or counts" (16 Cor. Jur. 1279), it must be treated here as a nullity and judgment of sentence be imposed upon the conviction of attempted burglary alone.

Therefore, in conformity with the procedure followed in *People* v. *Sama, supra,* and the other cases therein cited, and for the reasons hereinabove stated, it is ordered that petitioner be remanded to the superior court of the state of California in and for the county of Alameda, for the pronouncement of sentence upon the single conviction of an attempt to commit burglary in the first degree, and that as a punishment therefor he be sentenced to imprisonment in the state prison for such a definite term of years as in the trial court's opinion would be a just and fair punishment for the commission of such crime.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 28, 1929, and petitioner's application to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1929.