876 P.2d 1352

STATE of Idaho, Plaintiff–Respondent,

v.

Blaine Aaron WOOD, Defendant–Appellant.

No. 19731.

Supreme Court of Idaho,
North Idaho, May 1993 Term.

Sept. 2, 1993.

Opinion on Rehearing July 11, 1994.

Blaine Aaron Wood, pro se.

Larry EchoHawk, Idaho Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent State of Idaho.

TROUT, Justice.

Blaine Aaron Wood was sentenced to not less than fourteen years nor more than twen-

ty-two years for attempted first-degree murder. Wood appeals from the trial court's order denying his motion to correct an illegal sentence.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Wood was initially charged with robbery and attempted first-degree murder in connection with the May 23, 1989, robbery and shooting of a store owner in Laclede, Idaho. Wood was also charged with grand theft in connection with the theft of a 9mm semi-automatic pistol from a pawn shop on the day before the shooting. After charging Wood with these crimes, the State notified Wood it would seek an enhanced penalty of fifteen years because of the use of a firearm during an attempt to commit murder.

On June 19, 1989, as part of a negotiated plea agreement, Wood pleaded guilty to attempted first-degree murder. The robbery and grand theft charges were dismissed. The trial court accepted the State's firearm enhancement after Wood admitted shooting the store owner with a 9mm pistol.

At sentencing, the trial court stated that while it had advised Wood prior to accepting his guilty plea that the maximum penalty for attempted first-degree murder was one-half of a life sentence, Wood had not been sufficiently advised as to what the actual maximum was in terms of years. The trial court advised Wood that based upon his age and life expectancy of forty-five years, the maximum penalty he faced for attempted first-degree murder was twenty-two years and six months. The trial court then offered Wood the opportunity to withdraw his plea because of what the trial court perceived to be its error in failing to specify the actual number of years for the maximum penalty. Wood declined this offer.

The trial court next stated that in 1980, this Court ruled that the statutory enhance-ment penalty for use of a firearm does not apply to attempts to commit crimes.[1] The trial court advised that it would not apply the firearm enhancement to the present case and it inquired whether the parties intended to proceed with the plea agreement since it was predicated upon this enhancement. Both the State and Wood indicated their intention to proceed with sentencing with the understanding that the firearm enhancement was not applicable.

The trial court sentenced Wood to a term of not less than fourteen years nor more than twenty-two years. The trial court entered its written judgment and commitment on July 18, 1989. On December 9, 1991, Wood filed a motion for reduction of sentence and a motion for correction of illegal sentence, both under I.C.R. 35. The trial court dismissed the motion for reduction of sentence as untimely. The trial court denied the motion to correct the illegal sentence rejecting Wood's argument that a life term is the equivalent of thirty years and therefore, the sentence for an attempt to commit a crime punishable by life imprisonment is fifteen years.

On appeal, Wood contends that because his sentence exceeds the statutory maximum, the trial court erred in denying his motion to correct an illegal sentence.

## II.

### WOOD'S SENTENCE IS LEGAL AND THE TRIAL COURT PROPERLY DENIED WOOD'S MOTION TO CORRECT AN ILLEGAL SENTENCE

 Wood appeals from the trial court's order denying his motion to correct an illegal sentence. Although this motion was filed long after the 120 day time limit prescribed by I.C.R. 35 for motions to reduce a sentence, a motion for correction of an illegal sentence is not subject to this time constraint. I.C.R. 35; *State v. Vetsch*, 101 Idaho 595, 596, 618 P.2d 773, 774 (1980). An illegal

1. The trial court presumably was relying on *State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980), in which the Court held the enhancement provision of I.C. § 19–2520 did not apply to an attempted robbery in which a deadly weapon was used.

sentence may be corrected at any time. *State v. Lee*, 116 Idaho 515, 516, 777 P.2d 737, 738 (Ct.App.1989). The determination of whether a sentence is illegal involves a question of law over which our appellate courts exercise free review. *Id.*

■ Wood was sentenced to a term of not less than fourteen years nor more than twenty-two years upon his conviction for the crime of attempted first-degree murder. The term of imprisonment for an attempt to commit a crime, which is punishable by imprisonment in the state prison for five years or more, may not exceed one-half the longest term of imprisonment prescribed upon conviction of the attempted offense. I.C. § 18–306. The longest term of imprisonment prescribed upon conviction of first-degree murder is life imprisonment. I.C. § 18–4004. Thus, the maximum term of imprisonment for attempted first-degree murder is one-half of a life sentence.

■ Wood argues his sentence is illegal because his maximum term of imprisonment, twenty-two years, is in excess of one-half of a life sentence. In support of this argument, Wood cites *King v. State*, 93 Idaho 87, 93, 456 P.2d 254, 260 (1969), in which the Court stated "sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences." Wood argues that since thirty-year sentences are the equivalent of life sentences and attempted first-degree murder carries a maximum term of one-half of a life sentence, the maximum term of imprisonment for attempted first-degree murder is fifteen years.

Wood incorrectly interprets *King*. *King* does not hold that a life sentence is the equivalent of a thirty-year sentence. Instead, *King* held that *for purposes of parole eligibility* under the former I.C. § 20–223, a sentence of *thirty years or more* must be treated as a life sentence thus making a defendant serving a sentence of thirty years or more eligible for parole after ten years. Moreover, the quote from *King* identified by Wood no longer has precedential value in

light of the adoption of the Unified Sentencing Act in 1986, codified at I.C. § 19–2513. 1986 Sess.Laws, ch. 232, § 3, p. 638.

The Court has previously recognized that a trial court is authorized to establish a base maximum sentence upon the conviction of an attempt to commit a crime punishable by life imprisonment. In *State v. Hall*, 88 Idaho 117, 397 P.2d 261 (1964), the defendant was convicted of attempted rape and he appealed arguing attempted rape is not a lesser included offense of the crime with which he was charged, assault with the intent to commit rape. The defendant argued that to hold otherwise would result in a situation where a greater penalty would be permitted for a lesser included offense; one-half of a life sentence for attempted rape is a greater sentence than one to fourteen years for assault with intent to commit rape. In response to this argument, the Court held:

> While a sentence of one-half of a life sentence cannot be calculated, a court is authorized to fix a base maximum sentence, for the offense of rape, at less than life, which base maximum may then be used as the basis to compute the sentence of one-half of such base to be imposed by the court for the offense of "attempt to commit rape", and the actual sentence thus fixed may be less than the sentence imposed ... for the offense of "assault with intent to commit rape."

88 Idaho at 123, 397 P.2d at 264. In calculating the sentence to be imposed upon conviction for an attempt to commit a crime punishable by life imprisonment, *Hall* authorizes our sentencing courts to fix a base maximum which may then be used to compute the sentence of one-half of this base.

In the present case, the trial court correctly found that for the crime of attempted first-degree murder, the maximum penalty Wood faced was one-half of a life sentence. The trial court fixed a base maximum of forty-five years based upon Wood's age and life expectancy. The trial court advised Wood that the maximum penalty he faced for attempted first-degree murder was twenty-two years

and six months, one half the base maximum. The trial court then offered Wood the opportunity to withdraw his plea which he declined.

We find that the sentence of not less than fourteen years and not more than twenty-two years is within the statutory limits and is legal. The trial court properly denied Wood's motion to correct an illegal sentence.

### III.

### CONCLUSION

We affirm the trial court's denial of Wood's motion to correct an illegal sentence.

McDEVITT, C.J., and JOHNSON and SILAK, JJ. concur.

BISTLINE, Justice, dissenting.

I agree with the majority that *King v. State*, 93 Idaho 87, 456 P.2d 254 (1969), in and of itself does not mandate that Wood be remanded for resentencing.[2] Nonetheless, other grounds not specifically articulated by Wood compel me to dissent because various aspects of sentencing a defendant to "half" of a life sentence by consulting actuarial tables are very troubling. Although Wood did not argue on the grounds set out below either at sentencing (where he was represented by counsel) or on appeal (where he proceeded *pro se* ), those grounds are jurisdictional, as explained below, and thus may not be waived. *See State v. Mowrey*, 91 Idaho 693, 429 P.2d 425 (1967); *Crane Creek Country Club v. City of Boise*, 121 Idaho 485, 826 P.2d 446 (1992) (Bakes, C.J., specially concurring) (an issue not raised in the trial court or on appeal may be addressed when plain or fundamental error exists); *Nycum v. Triangle Dairy Co.*, 109 Idaho 858, 862, 712 P.2d 559, 562 (1985) (this Court will address jurisdictional issues even though not preserved for appeal by objection in the lower court); *cf.* I.R.C.P. 12(h)(3) (*"Whenever* it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" (emphasis added).).

It should first be noted that in 1902, the California Supreme Court wrestled with the validity of a similar statutory scheme in *People v. Burns*, 138 Cal. 159, 69 P. 16 (1902). The trial court in *Burns* had "consulted certain mortality tables used by life insurance companies in the conduct of their business, and, taking into consideration defendant's present age, ... concluded that the remainder of his natural life would amount to thirty-eight years, and thereupon sentenced him to [nineteen] years in the state prison" for attempted robbery.[3] 69 P. at 17. The *Burns* court specifically rejected such a method. In holding that the punishment of "half" of a life sentence is too vague and indefinite and voiding the statute, the court rejected the actuarial table method of determining a half life sentence:

> This court is well satisfied that the practice here followed cannot be sanctioned. The trial court fixed the penalty upon the basis of an average life, and sentenced him to imprisonment for one-half of the period of an average life; yet the law declares the imprisonment should be for a period of one-half of the defendant's life. These mortality tables indicate averages, and that fact alone proves that a variable proportion of the men coming within any particular class die before the age fixed as the average, and the remainder die after the age so fixed. As to the particular period of time covering the balance of defendant's life, the court knew nothing, and in the nature of things, could know nothing. Hence the period of 19 years fixed as a penalty is based upon mere conjecture, and the judgment following it cannot be upheld.

---

2. The majority opinion only holds that *King* does not function as precedent, not that the attempt statute is not void for the reasons articulated below.

3. If *Burns* had been convicted of robbery, the court would have had to have sentenced him for life because of prior convictions.

*Burns,* 69 P. at 17. Many other difficulties adhere in trying to make the uncertain certain. For instance, are non-smokers, who generally live longer than smokers, subject to longer terms?

Even if the inherent uncertainties in using actuarial tables were acceptable, profound problems with such a sentencing scheme would still abound. First, such a method, applied as in the instant case, violates the equal protection clauses of the federal and Idaho constitutions. See U.S. Const. amend. XIV; Idaho Const. art. 1, §§ 2, 13. The district court noted that it had derived the twenty-two and one-half year sentence from tables showing the life expectancy for a *white male.* It would seem, then, that life expectancies differ according to race and gender. Thus, under the current actuarial system of determining a half life sentence, defendants' sentences vary depending upon an individual's race and gender (besides, of course, age). Racial and gender classifications are subject to heightened scrutiny: classifications based on race require a compelling interest narrowly drawn, *State v. Missamore,* 119 Idaho 27, 33, 803 P.2d 528, 534 (1990); *Korematsu v. United States,* 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944), and classifications based on gender require an important interest substantially related to the challenged action.[4] *Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). It is readily apparent that any interest the State could articulate, relative to discriminating in sentencing based on race or gender, would not withstand heightened scrutiny.

Indeed, one doubts whether such an interest can withstand the rational basis test, which is used to review state action involving classifications other than those that blatantly discriminate or those based upon suspect categories or fundamental rights. *See, e.g., Idaho Schools for Equal Educ. v. Evans,* 123 Idaho 573, 850 P.2d 724 (1993). Under the rational basis test, a state action violates the equal protection clause, if no grounds can be advanced to justify the state's goals or if the classification is based solely on reasons unrelated to the pursuit of those goals. *Id.,* 123 Idaho at 580, 850 P.2d at 731.

This justice, for one, is unable to divine what the state's interest might be in providing a maximum range of sentencing that is determined solely by the defendant's age. It is one thing to find a defendant's age to constitute a mitigating (or perhaps even aggravating) factor in determining where, within a defined range, the sentence should fall; it is quite another to allow a defendant's age automatically to determine what that range may be. Nor can such an unfair and arbitrary means of determining a sentencing range be justified by analogy to the imposition of life sentences. It is true that when a judge imposes a sentence of life, a younger defendant will likely serve more time than an older defendant. But life sentences have an important interest justifying their imposition—the purpose of incapacitation. When a defendant commits a crime which the legislature has deemed sufficiently heinous to permit a life sentence (particularly, a fixed life sentence), it is important to ensure that these people remain out of society for society's protection. With "half life" sentences, however, such a rationale does not exist because, by definition, the legislature intends that the person upon whom a half life sentence is imposed go free some time in the future. Therefore, there is no reason why someone younger should receive a far greater sentence.

The absurdity of the current actuarial system may be illustrated by the following hypothetical. Imagine a situation where a twenty-one year old female and fifty-two year old male together undertake to rob a bank. They agree beforehand to kill any guard or police officer they see in order to avoid apprehension. Each sees a bank guard and each shoots at him, the two bullets wounding, but not killing, him which is clearly attempted felony murder, for which, as in the instant

---

4. It appears that the standard of review for gender-based classifications is the same for both the Idaho and federal constitutions. *See Murphey v.* *Murphey,* 103 Idaho 720, 723, 653 P.2d 441, 444 (1982).

case, the maximum penalty for the purposes of determining a sentence for attempt is life. Assuming that the actuarial tables provide that the average female lives for seventy-five years and the average male, seventy. The maximum exposure for the man is nine years, for the woman, twenty seven years. If the sentencing judge decided to impose the maximum sentence upon each, the woman's sentence would be *three* times longer than the man's for the exact same act undertaken with the exact same intent as the man. As is illustrated by this example, the actuarial table method of determining half life sentences violates the key principle of equal protections clause: that all persons in like circumstances should receive the same benefits and burdens of the law. *See Bon Appetit Gourmet Foods, Inc. v. State, Dept. of Employment,* 117 Idaho 1002, 793 P.2d 675 (1989).

It is clear from the above discussion that, both for unconstitutionality and vagueness, as currently applied the statutory scheme of assessing sentence maximums of "half" of life, in particular, I.C. § 18–306, the attempt penalty statute, is void. But, as this Court noted in *Murphey v. Murphey,* 103 Idaho 720, 653 P.2d 441 (1982),

> Having arrived at the relatively easy conclusion that a statute which allows awards of alimony only to women is not constitutional, we turn to the more difficult task of deciding whether that decision should be applied retroactively, i.e., to declare the statute to have been at all times void and of no effect, or to extend its construction so as to make the statute constitutional. As we noted in *Harrigfeld v. District Court,* 95 Idaho 540, 545, 511 P.2d 822, 827 (1973), '[a] holding that a statutory classification scheme constitutes a denial of equal protection because it unconstitutionally grants a benefit to one class while denying it to another, does not necessarily mandate a denial of the benefit to both classes.' In deciding whether to construe the statute as neutrally extending the benefits of alimony, we should interpolate that which we believe that the legislature would have intended had it realized that the ... statute

as drafted might somehow transgress constitutional boundaries.

103 Idaho at 723, 653 P.2d at 444. Or, in the words of Justice Harlan:

> If an important congressional policy is to be perpetuated by recasting unconstitutional legislation, the analytically sound approach is to accept responsibility for [the] decision. Its justification cannot be by resort to legislative intent, as that term is usually employed, but by a different kind of legislative intent, namely the presumed grant of power to the courts to decide whether it more nearly accords with Congress' wishes to eliminate its policy altogether or extend it in order to render what Congress plainly did intend, constitutional.

*Welsh v. United States,* 398 U.S. 333, 355–56, 90 S.Ct. 1792, 1804, 26 L.Ed.2d 308 (1970) (Harlan, J., concurring), quoted in *Murphey,* 103 Idaho at 723, 653 P.2d at 444.

It is obviously preferable to uphold the statute by bringing it within constitutional boundaries. Otherwise, voiding the attempt statute when it applies to situations where a judge is forced to determine what constitutes half a life would leave the sentencing courts with no guidance at all in those situations. Thus, although as explained by the majority opinion *King* clearly is not binding precedent upon the instant situation, we should use King's articulation of a thirty-year sentence as equivalent to life in order to save I.C. § 18–306.

True, thirty years (or fifteen years, for a "half life" sentence), is somewhat arbitrary. Yet it is less arbitrary than any other number and certainly more fair than the current actuarial system. In *King* (which was decided after *State v. Hall,* 88 Idaho 117, 397 P.2d 261 (1964), the case cited by the majority), this Court held that the legislature must have intended that a sentence of thirty years or more be equivalent to a life sentence in the context of parole eligibility. It is therefore not unreasonable to say that the converse is true in a different context. Better to have a somewhat arbitrary number applied equally than a carefully calculated number applied unequally without basis.

In order to save the statute, a uniform limit must be fixed for the maximum sentencing. Since, in this justice's view, fifteen is as good as any and furthermore finds some small support in our case law, any sentence above fifteen years exceeds the sentencing court's discretion and may not be imposed. Wood's sentence should therefore be set aside and his cause be remanded for resentencing.

## ON REHEARING

This case came to us originally on the issue of the correct calculation of a maximum sentence for the felony offense of attempted first-degree murder. We affirmed the sentence imposed by the district court, 125 Idaho at 912, 876 P.2d at 1353. A petition for rehearing was subsequently filed, which did not challenge the prior opinion of this Court. Rather, the petition challenges the basic issue of whether the defendant, Blaine Aaron Wood, was properly convicted of the offense of attempted first-degree murder. He contends that the conviction was improperly entered for the offense of attempted first-degree murder during the commission of a felony. We granted Wood's request to consider this additional issue on rehearing because we have recently held that *attempted* felony murder is not a crime in Idaho. *State v. Pratt,* 125 Idaho 91, 873 P.2d 848 (1994).

 Reference should be made to the initial opinion in this case for a detailed statement of the facts underlying Wood's plea and conviction. Wood was initially charged with robbery and attempted first-degree murder. The charging portion of the information charged him with violations of both I.C. § 18-4003(a) and (b). The reference to (b) is apparently a typographical error as there is no indication in the record that the crime involved murder of a law enforcement officer. Clearly the information was intended and understood by both the State and Wood to charge attempted premeditated murder (18-4003(a)), and attempted murder committed during the commission of a felony (18-4003(d)). Wood thereafter negotiated with

the State and entered a plea of guilty to the offenses charged in the information, attempted premeditated murder and attempted murder committed during the commission of a felony.

Now, on rehearing, after careful review of the information, the colloquy between the judge and Wood at the plea hearing and at sentencing, and the judgment of conviction, it is obvious that Wood clearly understood he was pleading guilty to both attempted murder charges. Because we have held that there is no crime in Idaho for attempted first-degree murder committed during the commission of a felony, the plea entered by Wood to the charge is dismissed. However, this is of no avail to Wood on his petition for rehearing. He also clearly pled guilty to attempted premeditated and deliberate first-degree murder under I.C. § 18-4003(a) and was sentenced for that offense. The fact that one of the charges to which Wood pled guilty is dismissed has no effect on the validity of his plea to the other attempted first-degree murder charge. Therefore, the judgment of conviction and sentence for attempted premeditated murder are affirmed.

McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ. concur.