**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33008**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2007 Opinion No. 16** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 13, 2007** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL DAVID MURPHY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order of the district court denying I.C.R. 35 motion for correction of illegal sentence, affirmed.

Michael David Murphy, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

PER CURIAM

Michael David Murphy was convicted of robbery and three counts of rape and was sentenced to concurrent terms of life imprisonment with forty years determinate. Murphy filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, which the district court denied. Murphy appeals, contending that his sentences exceed the maximum sentences that could be applied as a matter of law.

Murphy asserts that a life sentence by law and/or custom in Idaho is subject to a maximum of thirty years imprisonment and, therefore, imposition of life imprisonment, with forty years deteminate, exceeds the maximum allowed by law. A similar argument was rejected by the Idaho Supreme Court in *State v. Wood*, 125 Idaho 911, 912-13, 876 P.2d 1352 (1993), and the relevant portion of the Court's settling of this issue is as follows:

> Wood argues his sentence is illegal because his maximum term of imprisonment, twenty-two years, is in excess of one-half of a life sentence. In support of this argument, Wood cites *King v. State*, 93 Idaho 87, 93, 456 P.2d

1

254. 260 (1969), in which the Court stated "sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences." Wood argues that since thirty-year sentences are the equivalent of life sentences and attempted first-degree murder carries a maximum term of one-half of a life sentence, the maximum term of imprisonment for attempted first-degree murder is fifteen years.

Wood incorrectly interprets *King*. *King* does not hold that a life sentence is the equivalent of a thirty-year sentence. Instead, *King* held that *for purposes of parole eligibility* under the former I.C. § 20-223, a sentence of *thirty years or more* must be treated as a life sentence thus making a defendant serving a sentence of thirty years or more eligible for parole after ten years. Moreover, the quote from *King* identified by Wood no longer has precedential value in light of the adoption of the Unified Sentencing Act in 1986, codified at I.C. § 19-2513, 1986 Sess. Laws, ch. 232, § 3, p. 638.

(Emphasis in original). Therefore, under Idaho law, a life sentence is not and never has been a thirty-year sentence, nor is there any "custom and usage" making it so. Accordingly, the district court did not err in denying Murphy's motion for correction of an illegal sentence. Thus, we affirm.