**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46435**

| | |
|---|---|
| MELVIN DEAN HANKS, | ) |
| | ) Filed: February 28, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Fyffe Law, LLC; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Melvin Dean Hanks appeals from the judgment summarily dismissing his petition for post-conviction relief. Hanks argues the district court erred because he established a genuine issue of material fact related to the length of his sentences by asserting that his determinate life sentence actually was a thirty-year sentence. Because Hanks's assertion is contradicted by established legal precedent and is clearly disproved by the record, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1984, a jury found Hanks guilty of kidnapping in the first degree, I.C. §§ 18-4501, -4502; attempted rape, I.C. §§ 18-306, -6101; aggravated battery, I.C. § 18-907; and two counts of infamous crime against nature, I.C. § 18-6605. The district court sentenced Hanks to

1

"the determinate term of life, pursuant to Idaho Code § 19-2513A" for first degree kidnapping.[1] In 1985, Hanks filed an Idaho Criminal Rule 35 motion to reduce his sentence arguing, in part, that the district court should reduce his sentence to an indeterminate life sentence in order to make Hanks eligible for rehabilitative programming. Hanks reasoned, as a determinative life sentence was legally interpreted as a thirty-year sentence, access to rehabilitative programming before his eventual release would be beneficial. The district court denied the motion, stating that Hanks's position "both from the policy on making treatment available, and the consideration of the fixed life sentence as the equivalent of a thirty year sentence, is not supported in the record." Further, the court held the determinative life sentence was neither unduly harsh nor defective in light of Hanks's violent crimes and poor rehabilitative potential. Hanks did not appeal.

Over the next three decades, Hanks unsuccessfully pursued a number of petitions for post-conviction relief, including a challenge to his determinate life sentence as excessive under both the Idaho and United States Constitutions. In the petition, Hanks stated:

> The duration of a sentence of a determinate life term is the full natural life of the inmate. Such a sentence precludes the motivation and need for rehabilitation. Alcoholics Anonymous treatment, psychological therapy, and motivational/job training, would be wasted. The participation and completion of such training, treatment, and rehabilitation, would only result in a waste of money and resources, failing to return a productive citizen to society.

Accompanying the petition, Hanks included a signed affidavit stating "with a determinate life sentence I am not eligible for any further rehabilitation training since I will never be eligible for consideration from the parole and probations board for parole." The district court dismissed the petition as untimely.

In 2016, Hanks filed another petition for post-conviction relief and motion for appointment of counsel, alleging his determinate life sentence was not to exceed thirty years and, therefore, his sentence of incarceration had expired. The district court filed a notice of intent to dismiss the petition finding, in part, that Hanks's claims were frivolous and denied Hanks's motion for the appointment of counsel. Hanks replied to the notice, and the district court subsequently appointed counsel and provided Hanks an opportunity to develop facts that would address the deficiencies in the petition as outlined in the notice of intent to dismiss.

---

[1] A transcript of the sentencing hearings does not exist.

Hanks submitted an additional response to the notice of intent to dismiss,[2] and the State filed a motion for summary disposition of Hanks's petition. Hanks responded and included an affidavit from Hanks's sister, in which she attested that she was present at Hanks's sentencing, stating:

> [s]he does not remember the exact words spoken by the Judge, but remembers the Judge saying that there would be a day that Melvin Hanks would get out of prison. He would be older, and much slower. It has always been her plan to have her brother, Melvin Hanks, come and live with her, after his release from prison.

After a hearing on the motion, the district court found there was no legal basis to support Hanks's claim that, at the time of his sentencing, a sentence of determinate life was construed as a term of thirty years. Further, the court found there was no factual basis to support Hanks's claim because: (1) Hanks previously attested that his sentence would last until the end of his full natural life; (2) the judgment of conviction and the commitment order state that his sentence was determinate life; and (3) the district court rejected his assertion that Hanks would be released in thirty years in the denial of his I.C.R. 35 motion. Further, the district court found the affidavit from Hanks's sister failed to create a genuine issue of material fact preventing summary disposition because it included an admission of lapses in her memory and the record disproved her underlying assertion that the sentencing court intended for Hanks to be eligible for release after thirty years. Accordingly, the district court granted the State's motion for summary disposition. Hanks timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove

---

[2] This response included a copy of the commitment order which included a typed comment "Fixed Life Sentence Not to Exceed thirty (30) years at full term release date. So entered at oral sentence pronouncement" and a copy of court minutes indicating "Determinate life not to exceed thirty years." The State responded with certified copies of the relevant documents that did not have similar language and asserted that Hanks had committed fraud by providing falsified documents. As Hanks conceded at the hearing on the State's motion for summary disposition that he "cannot say with any reliability how truthful or correct they are," the district could did not rely on the documents in its decision.

3

by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary

dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

On appeal, Hanks alleges the district court erred in granting the State's motion for summary disposition because he established: (1) an ambiguity existed in Idaho's legal community in 1984 related to the duration of determinate life sentences; and (2) an issue of material fact that would preclude the granting of summary disposition. In response, the State asserts the district court did not err when it dismissed Hanks's petition for post-conviction relief. Alternatively, the State argues the district court abused its discretion by failing to invoke the doctrine of judicial estoppel in its decision to dismiss Hanks's petition.

The issue of the term of Hanks's sentence is a legal question: whether a determinate life sentence is actually a determinate term of thirty years, entitling him to release from incarceration after thirty years. Hanks is not the first to raise this argument. *See State v. Wood*, 125 Idaho 911, 913, 876 P.2d 1352, 1354 (1993). However, prior to the imposition of Hanks's sentence, the legal landscape was clear; determinate sentences carried no possibility of parole prior to the

5

expiration of the term, *State v. Rawson*, 100 Idaho 308, 312-13, 597 P.2d 31, 35-36 (1979), and a determinate life sentence constituted incarceration for the individual's full natural life. *State v. Wilson*, 105 Idaho 669, 676, 672 P.2d 237, 244 (Ct. App. 1983) (specifically rejecting the argument that a determinate life sentence was the equivalent of a thirty-year sentence), *rev'd in part* 107 Idaho 506, 690 P.2d 1338 (1984).[3]

In the years since, the Idaho Supreme Court has continued to reject similar claims. *See Wood*, 125 Idaho at 913, 876 P.2d at 1354. Further, this Court held there has never been an understanding that a life sentence is the equivalent of a thirty-year sentence. "[U]nder Idaho law, a life sentence is not and never has been a thirty-year sentence, nor is there any 'custom and usage' making it so." *State v. Murphy*, 144 Idaho 152, 153, 158 P.3d 315, 316 (Ct. App. 2007). Therefore, it is clear that the district court's determinate life sentence meant incarceration for Hanks's full natural life with no possibility of release through sentence expiration or probation, even after thirty years.

Attempting to transform this legal question into a factual question by focusing on Hanks's purported understanding of his sentence is unpersuasive. More importantly, Hanks's contention is disproven by the record of the criminal proceedings. Although transcripts of the sentencing hearing do not exist, all documents in the record show the district court sentenced Hanks to a determinate life term and did not impose any additional qualifications upon the sentence.

At the time of Hanks's sentencing, I.C. § 18-4504 mandated that trial courts sentence individuals convicted of first degree kidnapping to death or life imprisonment. I.C. § 18-4504 (1984). However, a trial court imposing a life sentence for a conviction under the statute had discretionary authority to order the term either as determinate or indeterminate. I.C. § 19-2513A (repealed 1986); *State v. Nellsch*, 110 Idaho 594, 595, 716 P.2d 1366, 1367 (Ct. App. 1986).

Here, the district court recognized its discretionary authority pursuant to I.C. § 19-2513A, but repeatedly indicated in the judgment of conviction and order of commitment that it sentenced Hanks to "the determinate term of life" for his first degree kidnapping conviction. Later, the

---

[3]     Additionally, in 1982, the Attorney General issued an opinion stating "fixed life would be just that, an offender would have to spend the rest of his life in prison." 82 Op. Att'y Gen. 9 (1982).

court declined to reduce Hanks's sentence to a sentence that would carry the possibility of release, finding the determinate life sentence was appropriate in light of the violence of Hanks's crimes and the poor likelihood of rehabilitation. The court also explicitly found the record did not support Hanks's contention that a determinate life sentence is the equivalent of a thirty-year sentence.

Further, Hanks's own assertions throughout the proceedings support the conclusion that the district court intended Hanks to be incarcerated for his full natural life. Hanks's previous assertions--both in his motion to reduce his sentence and his previous petition for post-conviction relief--reflect Hanks's understanding that he would be incarcerated for his full natural life. First, during Hanks's hearing on his motion to reduce his sentence, Hanks did not assert that the district court actually ordered Hanks be released after thirty years in its judgment of conviction. Instead, Hanks asserted the Department of Correction (Department) would interpret the district court's determinate life sentence as a thirty-year sentence.[4] Additionally, in his petition for post-conviction relief, Hanks asserted his determinate life sentence was excessive because the "duration of a sentence of a determinate life term is the full natural life of the inmate."

Although Hanks argues the affidavit from his sister establishes an issue of material fact, this Court disagrees. The affidavit, on its face, demonstrates an unclear recollection of what actually occurred. Even if this Court viewed the statements in her affidavit as true, all the affidavit establishes is that Hanks's sister does not remember what the district court stated at the sentencing hearing. As a legal matter, Hanks's sister's understanding of the sentence is irrelevant to the legal definition of a determinate life sentence. Hanks's allegation that the district court sentenced him to determinate life, not to exceed thirty years, is clearly disproven by the record. Because this Court finds the district court did not err in summarily dismissing Hanks's petition for post-conviction relief, the State's alternative argument related to judicial estoppel need not be addressed.

---

[4]     After contacting the Department, the district court found no factual support for Hanks's assertion that the Department would interpret a determinate life sentence as a thirty-year sentence.

## IV.

## CONCLUSION

Hanks's assertion that he was sentenced to a determinate life sentence, not to exceed thirty years, is not supported legally or factually. Accordingly, the district court's judgment summarily dismissing Hanks's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.